HENRY WALLACE v. SOUTHERN COTTON OIL COMPANY.

No. 547.—Decided April 26, 1897.

1. **Independent Contractor.**

An independent contractor is one whom the employer has no right to control as to the manner in which the work is to be done. (P. 2l.)

2. **Same—Control by Employer.**

If the company employing him exercises control over the manner in which the contractor is to do the work or over the means by which it is to be done, or if the persons engaged in the work with him are under the control and management of such employer, the contractor and his subordinates are servants of the company. Id.

3. **Same—Court and Jury—Question of Fact.**

Defendant, proprietor of a cotton seed oil mill, employed D. to bale the hulls, at a

fixed price per bale, with a machine in another building, but owned by the company and operated by the mill machinery. D. employed and paid his own laborers—among them plaintiff—who sued defendant as his master to recover for an injury received in such work. Held, that the following facts were sufficient to present such evidence of the relation of master and servant between plaintiff and defendant as should have been submitted to the jury: (1) D., the alleged independent contractor, was a negro and financially irresponsible. (2) He considered himself a foreman and not an independent contractor. (3) Evidence tended to prove that defendant, by its superintendent and other officers, exercised authority and control over the machinery, over D., and over the hands employed by him, inconsistent with the idea that this work was under the control of D. (P. 20 to 22.)

**4. Same.**
   To authorize the court to take the question from the jury the evidence must be such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. (Lee v. Railway, 89 Texas, 588). The evidence in this case was not of such a character, but tends to prove a state of facts from which a jury might conclude that plaintiff was, under the law, the servant of the cotton oil company.

**5. Practice in Supreme Court.**
   The Court of Civil Appeals having reversed the judgment on the ground that there was no evidence to establish the relation of master and servant, plaintiff's employer being an independent contractor with defendant, the Supreme Court, reversing this ruling and holding the question to be for the jury, will treat the decision of the Court of Civil Appeals as involving a finding that the evidence was insufficient, and allow the reversal to stand—the case to be tried, however, on the principles announced in this opinion. (P. 22.)

ERROR to Court of Civil Appeals for the Fifth District, in an appeal from Harris County.

Wallace, by next friend, sued the cotton oil company for personal injuries received while in its employ and charged to have been caused by defendant's negligence in failing to explain to plaintiff, a minor, the dangers of the work and failing to light the press room where he was injured. The company appealed from a judgment for plaintiff, and the latter obtained writ of error, on its reversal by the Court of Civil Appeals in an opinion practically settling the case against him.

*Blake Dupree,* for plaintiff in error, cited, on the proposition that the question whether plaintiff was in the employ of defendant or of an independent contractor was, under the evidence, one for the jury: 14 Am. & Eng. Ency. Law, 752, 830, 834, 840; Wood's Master and Servant, secs. 312, 315; Schwartz v. Gilmore, 45 Ill., 455; Kelly v. Mayor, 11 N. Y., 432; Burton v. Railway, 61 Texas, 535; Railway v. Dudley, 1 White & W. C. C., sec. 541; Railway v. Hanning, 15 Wallace, 649; Bishop, Non-Contract Law, sec. 602; Bailey on Master's Liability to Servant, 468; Burns v. Railway, 31 S. W. Rep., 347; White v. Water Works Co., 29 S. W. Rep., 252.

*Hutcheson, Campbell & Sears,* for defendant in error, that plaintiff was the servant of an independent contractor, and not of defendant, cited:  Cunningham v. Railway, 51 Texas, 509; Burton v. Railway, 61 Texas, 535; Crenshaw v. Ullman, 20 S. W. Rep., 1078; Wood's Law of Master and Servant, secs. 312, 281; Shearman & Redfield, Negli-

gence, sec. 79; Bailey, Master's Liability for Injuries to Servant, 467; 14 Am. & Eng. Ency. Law, 830; 1 Redfield on Railways, 503 to 507; Railway v. Van Bayliss, 1 White & W. C. C., sec. 500.

BROWN, ASSOCIATE JUSTICE.—The undisputed facts of this case are that the Southern Cotton-Oil Company owned, in connection with its oil mill, a machine for baling the hulls of cotton seed used in the work of the mill. The baling machine was situated in another building or shed a short distance from the main building, and was run by the same power that propelled the mill machinery. The cotton company made a contract with John Davis, by which he was to bale the hulls furnished by the mill at three cents per bale of one hundred pounds. The baling machine was to be used by Davis, propelled by the power furnished by the oil company, and Davis was to employ and pay the hands who aided him in the work. The hands so employed by Davis were paid by him, and their names were not placed upon the pay roll of the company. The superintendent of the oil company was to inspect the bales when finished, and to receive or reject them. Control of the machinery for baling the hulls was retained by the cotton company, and, in case it should be out of order, the company was to have its own employes repair it. Davis was a colored man, and irresponsible pecuniarily.

There was evidence tending to establish the following facts, which were in dispute: That the superintendent of the cotton-oil company directed Davis in the manner of doing the work, so as to have the bales properly made; and also controlled the men who worked under Davis as to where they should labor, taking them from the work in which Davis was engaged and putting them at other work without consulting Davis, and over his objections. The superintendent required Davis' men to move cars about the mill whenever directed so to do, which work was not embraced in the terms of the contract, and when Davis objected, he was informed that there were but two bosses there, and, if he could not do as directed, the superintendent would get some one else who would. The superintendent of the mill determined the hours of the day during which the hands should be employed, requiring Davis to engage in the work of baling from 7 o'clock a. m. to 7 o'clock p. m. The superintendent had control over the hands employed by Davis in the baling of the hulls. Davis testified that he was working as foreman.

The fact that Wallace was employed by Davis at the work about the machinery, that he was a minor, and was not instructed how to perform his work, which was dangerous, as well as the fact that he was injured, are not disputed, and it is unnecessary to make a statement of these facts, that question not being involved here.

The Southern Cotton Oil Company requested the trial court to give the following charge: "There being no evidence in this case showing that Henry Wallace was ever in the employ of defendant, you will therefore find a verdict for the defendant." This charge was refused,

and assigned as error, upon which assignment the Court of Civil Appeals, after reciting certain facts as established by the undisputed evidence, held as follows: "Tested by these elementary principles, we have no hesitation in saying that the evidence shows that the appellee was the servant of John Davis, and not of appellant, when he was injured. From this it follows that the court erred in refusing to give the special charge quoted. Under this view of the case it is unnecessary to consider any other assignment of error." The judgment of the District Court was reversed, and the cause remanded, upon which the plaintiff in error made application to this court for a writ of error upon the ground that the decision of the Court of Civil Appeals practically settles the case.

This case is presented upon the single question, is there evidence in the record sufficient to justify the District Court in submitting to the jury the question whether the plaintiff, Henry Wallace, was the servant of the Southern Cotton-Oil Company? If there was such evidence before the jury, the court properly refused the requested charge, although it might be that the trial judge or Court of Civil Appeals would set aside a verdict found upon the evidence. When the evidence is sufficient to make an issue, the question must be submitted to the jury, if one be demanded.

The relation that Wallace bore to the cotton company depends upon whether John Davis was the servant of that company, or an independent contractor, engaged in a pursuit free from the control of the said company. If Davis was an independent contractor in the sense that the company had no right of control as to the manner in which the work was to be done, then he was not the servant of the company; and the plaintiff, having been employed by him, cannot recover. Cunningham v. Railway, 51 Texas, 509; 1 Bevens, Neg., 312; Congregation v. Smith, 163 Pa. St., 561; Larson v. Railway, 110 Mo., 234. If, however, the Southern Cotton-Oil Company exercised control over the manner in which Davis was to do the work, or over the means by which it was to be done, or if the persons engaged in the work with Davis were under the control and management of the said company, then Davis was but its employe, and Wallace was likewise the servant of the said company by virtue of his employment by Davis. 1 Bevens, Neg., 312; Burton v. Railway, 61 Texas, 526; Bishop, Noncont. Law, sec. 602; Larson v. Railway, 110 Mo,, 234; Railway v. Hanning, 15 Wall., 649. We will not discuss the facts of the case except to show that the evidence is sufficient to require it to be submitted to a jury, but intimate no opinion as to what weight should be given to the testimony upon a trial.

The alleged contractor, John Davis, was a negro, who was irresponsible financially, which, we think, is a circumstance to be considered by the jury in connection with the other facts. Davis, a party to the contract, considered himself to be a foreman, and not an independent contractor. The evidence tends to prove that the company, by its

superintendent and other officers, did actually exercise authority and control over Davis, over the machinery, and over the hands employed by him, inconsistent with the idea that this work was under the control of Davis.

In the case of Lee v. Railway, 89 Texas, 588, this court said: "In other words, to authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." We conclude that the evidence is not such that all ordinary minds must naturally reach the conclusion that Davis was an independent contractor, engaged in an independent pursuit, free from the control of the cotton company; and we think the testimony tends to prove the state of facts before recited, from which a jury might conclude that the plaintiff was, under the law, a servant of the cotton-oil company.

The Court of Civil Appeals erred in holding that the District Court should have instructed the jury to find for the defendant, but that court had the authority to reverse the case because the evidence was not sufficient, and we consider that the insufficiency of the evidence was necessarily embraced in the finding of the court that there was no evidence to sustain the plaintiff's claim that he was the servant of the defendant below; hence we cannot reverse the judgment of the Court of Civil Appeals, and affirm the judgment of the District Court, but this case will be remanded to the District Court for trial in accordance with this opinion.

*Reversed and remanded.*