RANEY v. HOUSTON LIGHTING & POWER CO., 1905, et al.†

(Court of Civil Appeals of Texas. El Paso. Dec. 19, 1912. On Rehearing, Jan. 15, 1913. Rehearing Denied Feb. 5, 1913.)

1. APPEAL AND ERROR (§ 1170*)—REVERSIBLE ERROR—ADMISSION OF EVIDENCE.

Under the express provisions of rules for Courts of Civil Appeals, rule 62a (149 S. W. x), it was not reversible error to permit the foreman of the defendant employer to testify whether he thought he put as many uprights as were necessary in the scaffold which fell and caused plaintiff's injury, as against an objection that the matter was not a proper subject for expert testimony, where such testimony was not reasonably calculated to cause, and probably did not cause, the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4540–4545; Dec. Dig. § 1170.*]

2. MASTER AND SERVANT (§ 235*)—INJURY TO VICE PRINCIPAL—LIABILITY OF MASTER.

The rule that a servant need not use ordinary care to ascertain whether the master has performed his duty to furnish a reasonably safe place to work, but may assume that he has done so, has no application where the injury was to a vice principal acting as such when injured from the falling of a scaffold, though the scaffold was constructed by his predecessor, and hence the master was not liable; the vice principal, as the master's representative, being charged with the duty of ascertaining whether the scaffold was safe.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. § 235.*]

3. MASTER AND SERVANT (§ 127*)—SAFE PLACE TO WORK—DUTY OF MASTER.

The duty of a master to furnish safe places to work includes the duty of maintaining them in that condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 252; Dec. Dig. § 127.*]

On Rehearing.

4. APPEAL AND ERROR (§ 1062*)—REVERSIBLE ERROR—SUBMISSION OF ISSUES.

Where in a servant's action for injuries the undisputed evidence disclosed that an individual defendant was not an independent contractor, as claimed by the corporation defendant, the submission of an issue thereon was reasonably calculated to harm plaintiff, and presumptively caused the rendition of an improper judgment in favor of the corporation defendant, and hence was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by J. A. Raney against the Houston Lighting & Power Company, 1905, and another. From a judgment for the defendant company, plaintiff appeals. Reversed and remanded on rehearing.

Cole, Wilson & Cole, of Houston, for appellant. Baker, Botts, Parker & Garwood, of Houston, for appellee.

HIGGINS, J. Plaintiff in error, Raney, sued Houston Lighting & Power Company, 1905, and John Stadler, for personal injuries alleged to have been sustained by him in the latter part of September, 1910, while working as a brickmason in the employ of defendants. He alleged, in substance, that he was employed to lay brick and do such other work as was usual and customary for brickmasons to do at the light plant of the defendant Houston Lighting & Power Company in the building of brick walls around a boiler belonging to said defendant company, and to repair the fire box of said boiler; that in the course of his duties, in order to hang a heavy iron door in the side of said boiler, it became necessary for him to go upon a scaffold built by defendants for plaintiff and other employés; that the scaffold gave way, causing him to fall to the concrete floor, and the heavy iron door to fall on the instep of his right foot, crushing same, breaking, tearing, and mashing the flesh, muscles, ligaments, and tendons thereof, rendering him unable to bear his weight thereon for any length of time, and so far impairing his strength as to prevent him from longer pursuing his trade as a brickmason, to his damage $20,000; that defendants had failed in their legal duty to furnish a safe place for plaintiff to work, in this: that said scaffold was defectively and negligently constructed out of unsound, waste lumber, wholly unsuited for that purpose; that the planks were too short, and at point of overlapping, no brace or pudlock was thereunder, causing planks to be wholly unsupported at said meeting point; that defendants

failed to warn plaintiff of said condition; and that he was in total ignorance thereof. Defendant Houston Lighting & Power Company demurred generally, and, in addition to a general denial, pleaded assumed risk, contributory negligence, and further denied that plaintiff was employed by it, but by its codefendant John Stadler, who the defendant company averred was an independent contractor; and, further, that plaintiff was the foreman or vice principal of the said Stadler at the time of his alleged injuries. It is not necessary to set out the answer of the defendant Stadler, as plaintiff dismissed as to him during the progress of the trial. Plaintiff in a supplemental petition set up that he was employed by one Leo Paul, representing defendants; that he had nothing to do with either selecting the material out of which the scaffold was constructed, or in constructing same; and that he was not the foreman or vice principal for the said John Stadler. Upon trial a verdict and judgment in favor of the defendant company was rendered.

[1] Those assignments complaining of the testimony of the witness Paul are overruled. The bill of exception does not clearly indicate the objections urged to the testimony, but we gather that the ground of objection was that the testimony sought to be elicited was an opinion merely, and did not fall within any of the exceptions authorizing a witness to state the same. This witness built the scaffold upon which plaintiff was working, the giving way of which caused his injuries, and he was testifying as to whether or not he thought he put as many uprights in the scaffold as were necessary. No contention is made that he was not qualified to express his opinion upon the matter, but that it was not the subject of expert opinion testimony, and therefore not admissible for any purpose. We are inclined to think the objection not well taken, but, in any event, its admission is not regarded as reversible error. Rule 62a (149 S. W. x), adopted by the Supreme Court for the government of Courts of Civil Appeals, provides as follows: "No judgment shall be reversed on appeal and a new trial ordered in any cause, on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case." We do not think the admission of this testimony reasonably calculated to cause, or that it probably did cause, the rendition of an improper judgment in the case, and therefore overrule the assignments. Under the second assignment, it is complained that a portion of the charge there quoted was erroneous, because it invaded the province of the jury, in that it was upon the weight of the evidence. The charge is not subject to the criticism that it assumed negligence on the part of appellant in failing to examine and inspect the scaffold when he became foreman of the work, but, upon the contrary, it left to the jury to determine whether or not the same was negligence.

[2] Under the remaining propositions under the second assignment, as well as under the third assignment of error, it is contended that it was the duty of the master to furnish a reasonably safe place within which to work, and that the servant is under no obligation to use ordinary care to ascertain whether or not the master has performed this duty, but has the right to assume that he has done so. This undoubtedly is a correct principle, but it is not applicable here. It appears that Leo Paul was originally foreman of the work in which the plaintiff was engaged, and vice principal of the master, and that Paul constructed the scaffold, the falling of which caused the injury. Paul, however, left the service, and plaintiff became the foreman in his stead, with authority to hire and discharge hands, and became the master's vice principal, and was acting as such when injured.

[3] The duty resting upon the master of furnishing suitable and safe places for his servants to work includes the duty of maintaining them in that condition, or, as it may be expressed, this duty is a continuous one. 2 Labatt on Master and Servant (1st Ed.) 568. Such being the case, and the master being charged with the continuing duty of providing his employés with a safe place to work, and plaintiff being there as the representative of the master in the performance of this duty, he was therefore in duty to himself and in duty to the servants of his master charged with the duty of ascertaining whether or not the scaffold was a safe place upon which to work, and there was no error in that portion of the court's charge here complained of. Appellant has pointed out in its statement supporting this assignment, no testimony which would relieve appellant from discharging this duty as the vice principal of his employer. This assignment is therefore overruled.

Under the fourth assignment, complaint is made of a repetition of the issue of assumed risk, whereby it is contended undue prominence thereto was given and that it was calculated to mislead the jury as to the importance thereof; and under the fifth assignment that there was an undue prominence given to the instruction that the master only owed the servant the duty of exercising ordinary care to furnish a reasonably safe place in which to work, and was not an insurer of the safety of such place. These matters are not regarded as reversible error, under the rule above quoted.

Under the sixth assignment of error complaint is made of the submission to the jury of the issue of whether or not John Stadler

was an independent contractor, the contention being that there was no evidence that he was such, and therefore reversible error to submit the issue. It is, of course, improper to charge upon an issue not raised by the evidence, and we concur in the view that under the evidence adduced Stadler does not appear to have been an independent contractor; but there is nothing in the record to indicate that the finding of the jury was predicated upon this issue, and we cannot say that its submission was reasonably calculated to cause and probably did cause, the rendition of an improper judgment. Under the rule above quoted, this assignment is therefore overruled.

What has been said disposes of all questions raised by the appeal, and, finding no reversible error, the judgment is affirmed.

### On Rehearing.

[2-4] In the original opinion rendered herein the submission of the issue of whether or not John Stadler was an independent contractor was held not to be reversible error, under rule 62a (149 S. W. x), recently adopted by the Supreme Court for the government of the Courts of Civil Appeals.

The rule quoted is certainly most broad and comprehensive, as an error of law is not ground for reversal thereunder, unless, in our opinion, it was such a denial of the rights of the appellant as was not only reasonably calculated to cause, but which probably did cause, the rendition of an improper judgment. A party has the legal right to have submitted to a jury trying his case such issues only as are raised by the evidence. In this respect appellant was denied a legal right in the submission of the issue noted, as the undisputed evidence disclosed that Stadler was not an independent contractor, representing his employer only as to the results of his work, and executing the same according to his own ideas, or in accordance with a plan previously given, and without being subject to the orders of the employer in respect to details. Wallace v. Oil Co., 91 Tex. 18, 40 S. W. 399; Smith v. Humphreyville, 47 Tex. Civ. App. 140, 104 S. W. 495; 16 Am. & Eng. Enc. of Law, p. 18 (2d Ed.); Shearman & Redfield on Negligence, § 165. It is, of course, impossible for this court from the record before it to tell whether or not the submission of the issue in fact harmed appellant, and therefore necessarily cannot say definitely that in our opinion it caused the rendition of an improper judgment. It is clear, however, that the error was reasonably calculated to do so, and, if so, its natural consequence—i. e., the probable rendition of an improper judgment—should be presumed; otherwise we are left without any definite guide whatever, as it would ordinarily not be apparent from the record whether or not a denial of a legal right in matters of this kind had any in-

jurious consequences. We therefore hold that the error was material, reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.

Rehearing granted, and cause reversed and remanded.