WILSON v. CRUTCHER. (No. 1464.)†

(Court of Civil Appeals of Texas. Texarkana. May 6, 1915. Rehearing Denied May 20, 1915.)

MASTER AND SERVANT ☜319—INDEPENDENT CONTRACTOR—LIABILITY OF PROPERTY OWNER FOR NEGLIGENCE.

Where a landowner employed a contractor to erect a building thereon, the land being so situated that rubbish therefrom would necessarily be carried across the sidewalk, injury to a lawful passenger on the sidewalk by being negligently run into by an employé of the contractor pushing a wheelbarrow loaded with rubbish, did not render the owner liable on the theory that the performance of the contract necessarily involved the production of the hazard which caused the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1259, 1260; Dec. Dig. ☜319.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Mrs. M. L. Crutcher against J. B. Wilson. Judgment for plaintiff, and defendant appeals. Reversed, and judgment entered for defendant.

Harry P. Lawther and J. E. Gilbert, both of Dallas, for appellant. Chas. F. Clint and Chilton & Chilton, all of Dallas, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee against the appellant for the sum of $5,000 as damages for personal injuries. On the night of June 13, 1911, while the appellee was walking along Elm street in the city of Dallas, and in front of what is called the "Wilson Annex," a building then in course of construction, she was struck on her right leg by a wheelbarrow approaching from behind, and pushed by a negro employed in removing rubbish from that building. Prior to the institution of the suit she had some kind of a settlement with the Watson Construction Company, the contractor in charge of the work, but it appears that there was some misunderstanding by her as to the purpose for which the money received in that settlement was paid, which probably justified a finding that she was not thereby concluded. She subsequently filed suit against J. B. Wilson, the owner of the building, and the Alex Watson Construction Company, the contractor, for damages for several thousand dollars. Before the case was tried another settlement was effected with the Watson Construction Company by which it secured a dismissal of the case as to it upon the payment of something over $4,000. The suit was then prosecuted against J. B. Wilson alone, but the Watson Construction Company was, at the instance of Wilson, subsequently made a party defendant. In the submission of the question of damages the jury found the sum of $5,000 as the amount which the plaintiff was entitled to recover over and above what had previously been paid by the Watson Construction Company.

The facts show that some time prior to the date of the injury, J. B. Wilson, the appellant, had let to the Alex Watson Construction Company the contract to construct a twelve-story annex on this lot. At the time of the injury the walls of the building were several stories high, and the construction work was in progress. In the early stages of the work, and while excavations were being made under the adjacent sidewalk on Elm street, a temporary passway had been laid in the street for the use of the public, but when the excavation was completed the walk in the street was discontinued and the temporary sidewalk removed to where the original sidewalk had been located, along by the side of the walls of the building. This temporary sidewalk when removed to the old location consisted of a platform made of lumber, with a covering overhead to protect those passing along the street from injury by objects falling from above. The lot upon which this building was being constructed was situated not far from the center of the block, and there was no way of moving material into the building or of removing rubbish therefrom except by passing over this temporary sidewalk.

As to the circumstances under which the injury occurred, the appellee testified substantially as follows: She visited Dallas for the purpose of seeing some of her friends about the 13th or 14th of June, 1911. Sometime about nightfall they went out for a walk down Elm street, and passed along in front of this new building. About 9:30 they returned; some of her friends were in front and some behind her. She was accompanied by two small children, one on each side of her. Just as they were passing in front of this annex, and not thinking of any danger, a man rushed up to her pushing a wheelbarrow and struck her on the right leg. The blow knocked her over into the wheelbarrow. The injury was at the time thought to be slight. She went on to the house of her friend, and then made some examination; found only a small bruise which she considered of little consequence. Sometime afterwards the wound became inflamed; and the evidence shows that it later grew to be very serious and has caused her great suffering and has probably produced a fatal disease.

The amended original petition, upon which the case was tried, charged negligence on the

part of the negro handling the wheelbarrow, and that he was the employé of both Wilson and the Watson Construction Company. It also charged that both Wilson and the Watson Construction Company were negligent in failing to erect and maintain the necessary barriers, guards, and fences required to protect persons passing along the sidewalk from injuries resulting from collisions with the employés removing rubbish from the interior of the building, and in failing to comply with the ordinances of the city of Dallas requiring the construction of such safeguards. It is conceded in the brief of the appellee that the evidence shows that the Watson Construction Company was, as to the appellant, an independent contractor, and that the negro whose conduct caused the injury in this instance was its employé. It must also be conceded that unless it is shown that there was a legal duty on the part of Wilson to erect and maintain proper safeguards to protect pedestrians passing along the sidewalk from collisions with the operatives of the contractor while moving rubbish from the building, and that his negligent failure to do this was the proximate cause of the injury to the appellee, there is no basis for the judgment rendered against him.

At the close of the testimony the appellant requested a peremptory instruction in its favor, which was refused. The case was then submitted to the jury on special issues; and upon the answers returned the court entered a judgment in favor of the appellee.

The facts found by the jury which are material to be here considered may be summarized as follows: (1) That the appellee was injured under circumstances substantially as detailed in her testimony, and that she was at the time exercising care for her own safety. (2) That there was a temporary sidewalk in front of the annex, constructed by the Watson Construction Company, and that this sidewalk continued until the completion of the building. (3) That the ordinances of the city of Dallas with reference to the construction of temporary sidewalks and providing the necessary safeguards were complied with. (4) That there were no guards or other reasonable protection to passers-by on the sidewalk in front of the entrance to the building on the night of the injury. (5) That Wilson did not in person or through the Watson Construction Company exercise ordinary care to protect the traveling public who passed along the pavement in front of the annex during the time of its construction. (6) That during the month of June there were no reasonably sufficient safeguards or other protection in front of the annex and along the sidewalk to protect the public who were using it in the nighttime. (7) That in taking material into, or removing rubbish from, the building, there was no reasonably sufficient protection to persons traveling along the sidewalk against being injured by that character of work when carried on in the nighttime. There were other questions propounded and answered, which we do not consider necessary to discuss. Several of those above mentioned were preceded by observations on the part of the court, intended, no doubt, to furnish the jury with proper instructions considered necessary to give them a correct understanding of the issues involved. To all of those objections were made in proper form by the appellant. Objection was also made to the forms of some of the foregoing questions, and to other questions, upon the ground that they were not called for by the evidence. We shall not undertake to discuss the various assignments in detail, but shall consider only the principal question presented: Is there any liability on the part of Wilson shown by the evidence?

The liability of the appellant must be determined by the rules of law which hold the owner responsible for some default or negligence on the part of an independent contractor whom the owner has engaged to perform a given service. These rules have been stated in various forms by different courts, depending largely upon the particular facts under consideration in each instance. The appellee relies upon the case of Kampmann v. Rothwell, 101 Tex. 535, 109 S. W. 1089, 17 L. R. A. (N. S.) 758, as stating the correct doctrine which should be applied in this instance. In that case Mrs. Kampmann had employed an independent contractor to build a sidewalk in front of her property, which was completed according to contract. The contractor took out a section of the sidewalk about six feet long and replaced it with fresh cement and concrete, and in order to protect it from injury by persons walking over it laid planks upon it lengthwise. There was no guard rail or other protection around the sidewalk to prevent persons from walking over it, nor was there any light or signal placed there to notify pedestrians of the existence of the planks on the sidewalk. Rothwell, the plaintiff in the action, was injured by falling over this obstruction, and was permitted to recover against Mrs. Kampmann upon the ground that she was liable for the failure to adopt some precaution to notify pedestrians of the obstruction, notwithstanding she had contracted for the work to be performed by other parties over whom she reserved no control. Our Supreme Court, in affirming the judgment in Rothwell's favor quotes the following from Robbins v. Chicago, 4 Wall. 678, 18 L. Ed. 427:

"The party contracting for the work was liable, * * * where the work to be done necessarily constituted an obstruction or defect in the street or highway which rendered it dangerous as a way for travel and transportation, unless properly guarded or shut out from public use; that in such cases the principal for whom the work was done could not defeat the just claim * * * of the injured party by proving that the work which constituted the obstruction or defect was done by an independent contractor. * * * Where the obstruction or defect which occasion-

ed the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party."

The question then is, do the facts of this case place the appellant within the rule announced in the case quoted? In other words, was the appellee injured as the result of an act which the contractor had agreed, or was authorized by his contract, to do? According to the evidence, she was injured by an employé of the contractor while the employé was removing rubbish from the building. It is contended that this work was a part of what the contractor had agreed and was required by his contract to do, and because of that fact the appellant, as the owner, was responsible for the manner in which it was done, or rather for the failure of the contractor to adopt such precautions as were necessary to protect people using the sidewalk. Unquestionably it was contemplated by Wilson in letting the contract for the building that material would be carried in and out; and it may be said, in view of the location and surroundings, that it was also intended that the sidewalk should be used for that purpose in crossing to and from the street. But these facts alone do not impose upon the owner the duty of seeing that precautions are taken to prevent injury to passing pedestrians. It must further appear that the use of the sidewalk was of such a character that it would necessarily, or ordinarily, be attended with some special danger to the public. If the evidence discloses a situation where such use was not necessarily dangerous in the absence of some collateral precautions, or if it appears that the contractor or his employés might have adopted a method of using the sidewalk that would not have endangered passing pedestrians, the appelland cannot be held responsible. Smith v. Humphreyville, 47 Tex. Civ. App. 140, 104 S. W. 495; Hoff v. Shockley, 122 Iowa, 720, 98 N. W. 573, 64 L. R. A. 538, 101 Am. St. Rep. 289; Thomas v. Harrington, 72 N. H. 45, 54 Atl. 285, 65 L. R. A. 742; Hackett v. Western Union Tel. Co., 80 Wis. 187, 49 N. W. 822; Bonaparte v. Wiseman, 89 Md. 12, 42 Atl. 918, 44 L. R. A. 482; Ohio So. R. R. Co. v. Morey, 47 Ohio St. 207, 24 N. E. 269, 7 L. R. A. 701; 26 Cyc. 1552–3.

In Hackett v. Western Union Tel. Co., cited above, an effort was made to hold the telegraph company responsible for the failure of a railroad company, acting the part of a contractor, to properly guard a hole which had been left upon a highway in the construction of a telegraph line. The court said:

"The question presented upon the assumption indicated, therefore, is whether the mere execution of the contract made the defendant (telegraph company) responsible for the alleged negligent acts and omissions of the employés of the railroad company who dug the hole, and left it open and unguarded. The case seems to come squarely within the well-established general rule to the effect that, where one person employs another to furnish the materials and do a specific job of work as an independent contractor, he does not thereby render himself liable for injuries caused by the sole negligence of such contractor or his servants. (Citing authorities.) Nor does the case come within the well-recognized exception to such general rule, to the effect that where the performance of such contract, in the ordinary mode of doing the work, necessarily or naturally results in producing the defect or nuisance which causes the injury, then the employer is subject to the same liability to the injured party as the contractor. (Citing cases.) In the case at bar the railroad company was not required by the contract to dig any hole in a traveled public street, much less to leave the same open and unguarded at night."

In the case of Hoff v. Shockley the contractor had left a pile of sand in the street, which it was contended constituted a nuisance. He took no precautions to place lights to indicate its presence to those who passed along the street. The plaintiff in the suit was injured and sued the owner, for whom the contractor was doing the work. The court said:

"The contention of counsel for the appellee seems to be this: Defendant should have known that the carrying on of the work by the contractor would involve the deposit of sand in the street, and, while this would not necessarily and of itself constitute a nuisance, it might become a nuisance by reason of failure to properly guard it or warn against it, and the defendant should have taken pains to see that the contractor took proper precautions. But such an argument, if acceded to, would require conclusions which are wholly untenable. The defendant must have known that it would be necessary for the contractor to drive his wagons along the street in front of defendant's premises, and thereby, to some extent, obstruct the use of the street while they were being unloaded. And yet could it be claimed that the negligence of the contractor in so driving his wagons or managing them as to injure persons using the street would render the defendant liable? The street was a public highway, and the contractor used the street in carrying out his contract subject to the same limitations as those imposed upon others in the use of a public highway. But it was not the concern of the defendant how the contractor used the street, nor did defendant have any control over the use which the contractor should make of the street. He might, perhaps, have gotten permission to use the adjoining lot for the purpose of piling his material thereon, or he might have mixed his sand and lime at another place, and transported the mortar to defendant's premises as it was needed, or he might have carried out his contract in any other manner which seemed to him feasible and proper. It was not incumbent on the defendant to stipulate how he should do his work. The real negligence complained of was the failure to put out barriers or warning lights, and this was not an act as to which the defendant had any responsibility, or over which defendant had any control."

Numerous cases which sustain the ruling made are referred to in the opinion. The facts involved are somewhat similar to those here under consideration. The work of removing rubbish from the building was merely a detail incidental to the general undertaking by the contractor, and one which the latter was permitted to perform according to

a method of his own selection. Conceding that those who performed this service had to transport the material over the sidewalk into the street, there is nothing in the record before us to indicate that the work was ordinarily or necessarily attended by any unusual danger if performed with ordinary prudence. We know as a matter of common observation that a wheelbarrow is a small vehicle operated by hand and easily controlled. Rolling it across a sidewalk or street is not necessarily or ordinarily accompanied by danger to those passing, if it is prudently managed. But even if the use of the wheelbarrow was attended by dangers, the contractor was not bound to adopt that method of removing discarded material from the building, or to select a time when there might be danger of a collision with passing pedestrians. A plumber who contracts in his line to perform work in a building adjacent to a sidewalk may be compelled to cross the sidewalk in conveying his material to the proper place. Can it be said that the owner of the building is bound to see that some safeguards are adopted to prevent injury to those using the sidewalk? Certainly not, if he has been prudent in selecting a careful contractor, and the use to be made of the sidewalk is not necessarily a nuisance or dangerous without some safeguards. It devolves upon one who seeks to hold the owner responsible for the acts of an independent contractor, or those of his servants, to show a situation which constitutes an exception to the general rule. This the appellee has failed to do in this instance. The injury complained of appears to have been the result of an accident which might have been avoided by some attention on the part of the employé while rolling the wheelbarrow.

In view of the fact that the jury found that the ordinances of the city of Dallas applicable to that situation had been complied with, the court should have entered a judgment in favor of the appellant. The findings of the jury that the precautions referred to in the instructions were not provided are of no consequence if the conclusion that the appellant was under no duty to erect such safeguards be correct.

The judgment of the district court will therefore be reversed, and judgment here rendered for the appellant.

---

⬥➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes