assumption of the repeal of article 7696, the question has arisen.

But the assumption of such repeal is not justified.

By section 2 of the Codification Act (Vernon's Ann. Civ. St. 1925, Final Title) there is this repealing clause:

"That all civil statutes of a general nature, in force when the revised statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

By section 9 it is expressly provided:

"That all laws * * * fixing a time limit in which to redeem lands sold for taxes * * * are continued in force."

So that by this provision article 7696 has not been repealed, but is continued in force.

We therefore recommend that the first question be answered in the affirmative, and this renders it unnecessary to answer the second one.

CURETON, C. J. The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified.

———

**NORWICH UNION INS. CO. v. CHANCELLOR.** (Motion No. 8082; No. 919–5003).

Commission of Appeals of Texas, Section B. May 30, 1928.

On motion for rehearing. Motion overruled.

For former opinion, see 5 S.W.(2d) 494. See, also, 2 S.W.(2d) 495.

SPEER, J. Defendant in error in his motion for rehearing declares that:

"If Morris was not an independent contractor and had employed Chancellor to assist him, and if Wattinger exercised control over Morris and Chancellor, then Chancellor by virtue of his employment by Morris was an employee of Wattinger and the doctrine of master and servant applied."

And he then strenuously attacks our decision, upon the ground that it virtually overrules former decisions of the Supreme Court, especially Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399, wherein we said:

"It would not follow that, if Morris was not an independent contractor, then he was the agent of Wattinger, to employ Chancellor. He may have been a mere employee himself."

Counsel for defendant in error have misjudged the scope of our holding. The decision in this case in nowise is contrary to that announced in Wallace v. Southern Cot-

ton Oil Co. We were careful of our words at this point, and pointed out that the finding that Morris was not an independent contractor would not be equivalent to a finding that he was the agent of Wattinger *to employ Chancellor.* Of course, the mere fact that Morris was not an independent contractor would not necessarily show that he was not an employee of Wattinger with authority expressed or implied *to employ Chancellor.* The latter relation might exist, and may have existed in this case, but the point of decision is that such relation does not necessarily follow from the finding upon the issue of independent contractor, and therefore was not submitted nor requested to be submitted, and is, under the authorities cited by us, waived. The Wallace v. Southern Cotton Oil Company Case itself makes clear that these two issues are separate and distinct, and a reversal by the Supreme Court was ordered because of a nonobservance of such distinction by the trial court. It will be observed from an examination of that case that the universal test of employer and employee—that is, control—was recognized as applied to the issue of employer and employee, and whatever the facts in this case that issue was not submitted nor requested to be submitted in any form. Our opinion is not only not in conflict, but is in exact accord, with the Wallace Case.

We recommend that the motion for rehearing be overruled.