**MOTORS INSURANCE CORPORATION,**
**Appellant,**

v.

**Larry R. FORREST, Appellee.**

No. 4166.

Court of Civil Appeals of Texas.

Eastland.

July 28, 1967.

Bradbury, Tippen, Brown, Clement & Cross, Foy Clement, Abilene, for appellant.

Todd & Quinn, Tom Todd, Abilene, for appellee.

WALTER, Justice.

Larry R. Forrest recovered a judgment against Motors Insurance Corporation on a policy insuring him against loss of his car "by theft." The corporation has appealed.

The court directed a verdict against the company on the issue of liability and then submitted the damage issue to the jury. The company contends that the court erred in directing a verdict against it on liability because theft was not conclusively established by the evidence.

While Forrest was out of the city, his brother-in-law, James Tucker, who was living in the Forrest home in Abilene took possession of the automobile in question. He picked up some of his friends and headed for De Leon to visit some friends. The substance of Tucker's testimony is that he had no felonious intent to steal the car but intended to return it before Forrest returned home. When asked why he did not return the car, he answered "because it just tore up." It was found where it was abandoned by Tucker and his friends, near Eastland, Texas.

Whether or not theft occurred was a disputed fact issue which should have been submitted to the jury. Our Supreme Court in Hudiburg Chevrolet, Inc. v. Globe Indemnity Company, 394 S.W.2d 792, (1965) said:

> "'Theft' when used in an insurance policy, as it was in Policy B, is given the same meaning it has under the criminal law."

In Maryland Casualty Company v. Morua, 180 S.W.2d 194, (Tex.Civ.App., 1944, writ ref.) the court said:

> "If an issue of fact is raised by the evidence, it must go to the jury even though a verdict based on such evidence would have to be set aside as not supported by sufficient evidence. Wallace v. Southern Cotton-Oil Co., 91 Tex. 18, 40 S.W. 399."

The judgment is reversed and the cause is remanded.