**GILBERT MFG. CO v. CONNELLEE. (No. 1489.)**

(Court of Civil Appeals of Texas. El Paso. May 24, 1923. Rehearing Denied June 14, 1923.)

1. **Mechanics' liens &#9758;96—Contractor held independent contractor.**

Where contractor for a building was responsible to the owner only for the result of the work and the owner had no right to control the manner of work, to select employees, or to control them, the contractor was an independent contractor, so that a materialman could not recover against the owner on the theory that the contractor acted as agent for the owner.

2. **Mechanics' Liens &#9758;271(7)—Pleading held not to support recovery on theory that owner contracted to pay for material.**

Where petition in materialman's action presented a cause of action based first upon a sale to the owner through the general contractor as his agent, and, second, upon an express contract by the owner to pay made subsequent to the sale, the petition was insufficient to support recovery on the theory that the owner obligated himself, in his contract

with his general contractor, to pay for material not included in such contract, and that plaintiff's material was such material.

3. **Mechanics' liens &#9758;102—Materialman held not in privity with building contract.**

A clause in a building contract that the owner would furnish all material not included in the building was an obligation to the general contractor alone, and a materialman, not being in privity with the contract, could not claim any right under such clause.

4. **Mechanics' liens &#9758;126, 132(14)—Lien lost by not taking proper steps to fix it.**

Where sale by materialman was not to the owner, but to the contractor, the owner paid the contractor in full without notice of the materialman's claim, and the payments made by the owner exceeded the contract price, and the materialman failed to give the owner notice and file his lien with the county clerk within the time prescribed by law, no lien could be asserted against the owner, whether or not the material furnished was specially manufactured for use in the building being constructed.

5. **Mechanics' liens &#9758;281(3)—Correspondence held not to show unconditional promise by owner to pay materialman.**

Letters from owner to materialman seeking to collect his claim *held* not to contain an unconditional assumption of and promise to pay the materialman's claim.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by the Gilbert Manufacturing Company against C. U. Connellee. From judgment for defendant, plaintiff appeals. Affirmed.

W. H. Graham, of Dallas, for appellant.

Sayles & Perry, of Abilene, and Turner & Seaberry and Sayles & Sayles, all of Eastland, for appellee.

HIGGINS, J. Appellant, the Gilbert Manufacturing Company, brought this suit against the appellee, Connellee, hereinafter styled defendant, alleging that theretofore the defendant entered into a written contract with the Holmboe Company, as contractors for the construction of a building for defendant, whereby the Holmboe Company contracted to construct said building for defendant and defendant contracted to pay for the labor and material used in its construction and to pay to the Holmboe Company 8 per cent. of the costs of the material and labor as its compensation for its services and that in the construction and purchase of the material for the building the Holmboe Company acted as the agent of defendant; that on November 25, 1919, said company in behalf of the defendant entered into a written agreement in the form of a proposal and acceptance, as follows:

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Dallas, Texas, November 25th, 1919.

"In re C. U. Connellee Theatre.

"Holmboe Const. Co., Eastland, Texas—Gentlemen: For the sum of ten hundred and seventy-six dollars, we propose to furnish f. o. g. cars Eastland, Texas, the following metal doors: [Here follows description of doors.]"

This proposal was signed by appellant and at the bottom thereof appears the following:

"Accepted Nov. 25th, 1919. Holmboe Construction Co., by J. B. Lewman. O. K. J. A. Holmboe."

That thereafter on March 12, 1920, plaintiff addressed a letter to the defendant which was accepted by him by his said agent, as follows:

"Dallas, Texas. March 12th, 1920.

"Mr. C. U. Connellee, % Holmboe Const. Co., Eastland, Texas—Dear Sir: For the furnishing f. o. b. cars, factory, the hardware as specified for all the Kaameir doors which we are furnishing for your theatre building, the cost of same will be four hundred fifty dollars ($450.00). This includes all butts, cylinder locks and the Anti-Panic bolts and bars. This order was placed with us December 22d, 1919, by telephone by the Holmboe Const. Co. We have not advised you previously as to the cost of this material for the reason that we only secured the factory price some few days ago.

Kindly sign and return to this office the carbon copy herewith enclosed, for the completion of our files. Thanking you, we are, Yours very truly, The Gilbert Manufacturing Co., Inc., by H. J. Gordon, Sec.-Treas.

"Accepted April 5th, 1920, by Holmboe Co., for Connellee Theatre.        J. B. Lewman. H. J. G: LJ. O. K. J. A. Holmboe."

That thereafter plaintiff delivered the material mentioned in said contracts, excepting one item for which credit was allowed. Plaintiff then alleged that it had a constitutional materialman's lien upon the building and land upon which it was situated and then alleged further that after the said debt became due and before the filing of the materialman's lien plaintiff demanded the payment of the amount due for such material, and for a valuable consideration defendant agreed, bound and obligated himself, to pay the same to plaintiff.

Judgment was sought for the amount due upon the two contracts aggregating $1,506 with interest and foreclosure of the materialman's lien. Upon the trial without a jury judgment was rendered in favor of the defendant.

The material provisions of the building contract between the Holmboe Company and Connellee are as follows:

"Article I. The contractor, under the direction and to the satisfaction of Henry T. Phelps, architect, shall and will provide all the materials and perform all the work mentioned in the specifications and as shown on the drawings prepared by the said architect for the erection and completion, without heating, of a reinforced concrete theatre building at Eastland, Texas, on the property of the owner, which drawings and specifications and addenda are identified by the signatures of the parties hereto."

"Article VIII. The owner agrees to provide all labor and materials not included in this contract in such manner as not to delay the material progress of the work. * * *"

"Article IX. It is hereby mutually agreed between the parties hereto that the sum to be paid by the owner for all work and materials, freight, drayage, offices, sheds, small tools and usual charges incurred in the costs of buildings of this character, shall not exceed forty-eight thousand, eight hundred sixty ($48,-860.00) dollars, subject to additions and deductions as hereinbefore provided, and that such sum shall be paid in current funds by the owner to the laborers and materialmen in installments as pay rolls and material bills are due or payment is requested by contractor.

"It is further understood that the contractor is to receive a flat fee of three thousand ($3,-000.00) dollars for his services and the use of all equipment necessary for the job, the owner to pay all freights on equipment and do all necessary repairing on same while used on the job, but it is understood that all equipment is to come on the job in good order. All small tools are to be purchased and charged to the job. The contractor is to furnish his own services and one superintendent, one bookkeeper and one timekeeper and office supplies on the job at his own expense. All other items are to be charged against the building, except expense of contractor's Oklahoma City office. If the building should cost less than $48,860.00 after all labor and material charges are paid, then the savings are to be divided as follows: 75% to the owner, and 25% to the contractor. In the purchasing of material and in the conduct of the job, the owner is to pass finally and decide on all questions.

"It is further understood that in no event is the owner to pay more than the contract price for the building unless as elsewhere provided. If the building should cost more than forty-eight thousand eight hundred and sixty ($48,-860.00) dollars, the contractor is to pay the additional cost, not to exceed the contractor's fee of three thousand ($3,000.00) dollars. * *

"If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim; should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default."

The foregoing contract was dated June 5, 1919, and upon the 8th of December, 1919, Holmboe Company entered into a supplementary contract changing the original contract in a number of particulars, none of which are in any wise pertinent to this controversy except this provision:

"Instead of the sum of $48,860.00 mentioned in article IX, the sum of $69,916.00 shall be substituted, and instead of the flat fee of $3,-000.00 a flat fee of $4,293.00 shall be substituted, otherwise this article to read the same."

The material was furnished as agreed by the appellant with one or two unimportant exceptions, for which a proper credit was allowed. Subsequent to the completion of the building and settlement by Connellee with the Holmboe Company appellant gave notice of his claim to Connellee and undertook to comply with the statutory provisions for fixing the lien. It is admitted, however, that its notice to Connellee and filing in the office of the county clerk was long subsequent to the time prescribed by the statute and was ineffective to fix a statutory lien. It is also shown that long prior to such notice and filing Connellee had settled in full with the Holmboe Company and that the building cost Connellee about $35,000 in excess of the maximum contract price.

Other pertinent facts will be indicated in the course of the opinion.

Appellant contends that it should recover in this case upon at least four theories which are thus summarized in its brief:

"(1) Because the contractor, who ordered the material which appellant furnished which went into the construction of the appellee's building, was the agent and contractor of the owner, and appellant therefore dealt with the owner, thereby giving it a constitutional lien; (2) that regardless of whether the contractor was the agent of the owner, the owner obligated himself, in his contract with his general contractor, to pay for such material as was not included in his contract with his contractor, and that appellant's material constituted such material; (3) that, aside from the question of agency or the facts stated in paragraph (#2) above, appellant is entitled to a constitutional lien against the owner for the material it furnished for the reason that such material was specially manufactured for use in the construction of that building, according to plans and specifications furnished by the owner's architect; and (4) that after appellee received the benefits of such material, such being a valuable consideration supporting a promise to pay therefor, he acknowledged such debt in writing and promised to pay appellant for it."

[1] Under the written contract between Connellee and the Holmboe Company the latter was responsible to the former for the result only of the work to be done. The owner had no right of control as to the manner in which the work was to be done. He had no right to select the employees, nor any control over them. There is no evidence that Connellee in any manner attempted to exercise any such rights.

Under the authorities the Holmboe Company was an independent contractor and appellant cannot recover upon the theory that it acted as the agent of the owner in purchasing the material. 26 Cyc. 1546-47; Smith et al. v. Humphreyville et al., 47 Tex. Civ. App. 140, 104 S. W. 495; Stephensville, N. & St. Ry. Co. v. Couch, 56 Tex. Civ. App 336, 121 S. W. 189; Corrigan, Lee & Halpin v. Heubler (Tex. Civ. App.) 167 S. W. 159; Edmonson v. Coco Cola Co. (Tex. Civ. App.) 150 S. W. 273; Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399.

[2] The second contention is based upon article VIII of the contract between the Holmboe Company and defendant. This cannot be sustained for several reasons. The petition presents a cause of action based first upon a sale to Connellee the later acting by its agent; second, upon an express promise to pay by Connellee made subsequent to the sale to the contractor. The petition is thus insufficient to support a recovery upon this theory.

[3] Again, plaintiff was not in privity with the building contract. The obligation to furnish all material not included in the contract was to the Holmboe Company. That company is making no claim that Connellee has failed to furnish this or any other material. We fail to see how appellant can claim any right under the eighth article of the contract.

Again, the contractor agreed to furnish all the material mentioned in the specifications. These specifications do not appear in the record and this court cannot assume that the material furnished by the plaintiff was not included in the specifications.

[4] As to the lien claimed, the record discloses that the sale was not to the owner, but to the contractor; the owner has paid the contractor in full and without notice of appellant's claim; the payments made by the owner exceeded the contract price; the plaintiff failed to give the owner notice and file his lien with the county clerk within the time prescribed by law. Under these circumstances it is definitely settled that no lien can be asserted against the owner. Texas Glass & Paint Co. v. Crowdus, 108 Tex. 346, 193 S. W. 1072; Berry v. McAdams, 93 Tex. 431, 55 S. W. 1112; Fullenwider v. Langmoor, 73 Tex. 480, 11 S. W. 500; Bullard v. Norton, 107 Tex. 576, 182 S. W. 668; Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; Keating Implement Co. v. Marshall Elec. Co., 74 Tex. 607, 12 S. W. 487; Warner Mfg. Co. v. Maverick, 88 Tex. 490, 30 S. W. 437, 31 S. W. 353, 499; First Nat. Bank of Paris v. Lyon-Gray Lumber Co., 110 Tex. 162, 217 S. W. 133.

The appellant asserts that the material which it furnished was specially manufactured for use in the Connellee building, and in such cases a different rule applies, and the owner's property becomes subject to the constitutional lien regardless of compliance with the statutory provisions. In other words, it is only necessary to comply with the statutes when the material is furnished

out of stock on hand. We are unable to see any such distinction in the rule of decision announced by our courts.

[5] The last contention is based upon certain letters written by Connellee to appellant when the latter was seeking to collect from him the amount due. In one of the letters Connellee said:

"As soon as I can straighten this out you will get your money. I have just returned from a vacation and have not had time to investigate this matter."

In another he said:

"I had thought that everything connected with the construction of my theatre had been paid. I do not know for what your claim is. Mr. J. N. Graves was looking after the construction of it for me, and I have paid what bills have been presented. If you have a just claim against me please itemize it and send it to me.

"Mr. Holmboe constructed the theatre and it was understood that he would not order anything unless giving me notice of it, and I confess that I have never had any notice concerning your bill. He was constructing several other buildings here at the same time, and it may be something connected with them.

"I desire always to pay all the bills that I owe, and I will thank you for an itemized statement, and I will take it up and adjust it if I owe it."

In another letter he said:

"I assure you just as soon as this is straightened out, there will be no delay in closing it up."

It is apparent from the letters as a whole that Connellee did not unconditionally assume and promise to pay the plaintiff's claim, and therefore he is not liable upon this theory.

There is also testimony by a representative of appellant that Connellee orally and unconditionally assumed and agreed to pay the claim, but this was denied by Connellee, and the issue of fact thus raised is concluded by the trial court's finding.

Affirmed.