## GILBERT MFG. CO. v. CONNELLEE. *
### (No. 576–4040.)

(Commission of Appeals of Texas, Section A. Oct. 22, 1924.)

Mechanics' liens &#9110;&#61;96—Contractor on cost plus basis held to be agent of owner, and latter was liable to materialman on theory of agency.

Under contract to furnish materials and labor for building on cost plus basis not to exceed sum named, *held*, that contractor in purchasing materials acted as agent for owner, who became liable to materialman though cost exceeded maximum named.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the Gilbert Manufacturing Company against C. U. Connellee. Judgment for defendant was affirmed by the Court of Civil Appeals (253 S. W. 551), and plaintiff brings error. Reversed and rendered.

W. H. Graham, of Dallas, for plaintiff in error.

Sayles & Sayles and Sayles & Perry, all of Abilene, for defendant in error.

BISHOP, J. Gilbert Manufacturing Company, plaintiff in error, filed suit in the district court of Eastland county against C. U. Connellee, defendant in error, alleging:

"That some time in the year 1919—the exact date being unknown to plaintiff—the defendant entered into a written contract with the Holmboe Company as contractors for the construction of a theater building in the city of Eastland, Tex., for the defendant, and by the terms of said contract said the Holmboe Company, as contractors, bound and obligated itself or themselves to construct said theater for said defendant, and the defendant in said contract bound and obligated himself to pay for all labor and material used in the construction of said building and to pay said contractors 8 per cent. of the costs of said material and labor as the compensation to the said the Holmboe Company, and in all matters of constructing and erecting said building and purchasing the material therefor the said the Holmboe Company acted as the agent of the defendant, and the said the Holmboe Company was then and there authorized by the defendant to make contracts for the purchase of material and the employment of labor for the construction of said building in the name of either the defendant or said contractor, and in any event the defendant bound and obligated himself to pay for all such labor and material as should be furnished in the construction of said building."

It also alleged that thereafter the Holmboe Company, acting for and in behalf of defendant in error, purchased from it doors, windows, and hardware of the value of $1,506, which were used in the construction of said building and for which it had not been paid.

The case was tried by the court without a jury, and judgment was rendered that plaintiff take nothing and that defendant go hence with his costs and be quieted in his title and the cloud cast upon his title by the filing of plaintiff's alleged mechanic's lien be removed and such asserted lien declared null and void.

This judgment was by the Court of Civil Appeals affirmed in an opinion finding as follows:

"Under the written contract between Connellee and the Holmboe Company, the latter was responsible to the former for the result only of the work to be done. The owner had no right of control as to the manner in which the work was to be done. He had no right to select the employees, nor any control over them. There is no evidence that Connellee in any manner attempted to exercise any such rights."

The court then holds that "under the authorities the Holmboe Company was an independent contractor, and appellant (plaintiff in error) cannot recover upon the theory that it acted as the agent of the owner in purchasing material," and cites authorities holding that one who enters into a contract with an independent contractor is not liable for damages occasioned by the willful act or negligence of such contractor, his subcontractors, agents, or servants, in the conduct of the work contracted to be performed. 253 S. W. 551.

We cannot agree with this statement of the law. It is in effect a holding that defendant in error lost the right to constitute the Holmboe Company his agent to purchase for him material to be used in the building by entering into the agreement which made said company an independent contractor in the construction of the building. The authorities cited are not applicable to this case.

The material issue tendered in plaintiff's petition in the trial court is whether defendant authorized the Holmboe Company to purchase the material furnished and agreed to pay for same. If it did, he would be liable for the debt, and the mere fact that under his contract the Holmboe Company was an independent contractor in the construction of the building would not defeat his liability.

The written contract as amended by supplement provides that the Holmboe Company should provide all the materials and perform all the work necessary for the erection of the building; that Connellee should "pay for all work, materials, freight, drayage, offices, sheds, small tools and usual charges incurred in the costs of buildings of this character"; that payments should be made by Connellee to the laborers and materialmen in installments as pay rolls and material bills became due; that these payments should not exceed

&#9110;&#61;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied December 20, 1924.

$69,916; and that Connellee should pay the Holmboe Company $4,293 for its services.

The contract further provides:

"All small tools are to be purchased and charged to the job. The contractor is to furnish his own services and one superintendent, one bookkeeper and one timekeeper and office supplies on the job at his own expense. All other items are to be charged against the building, except expense of contractor's Oklahoma City office. If the building should cost less than $69,916.00 after all labor and material charges are paid, then the savings are to be divided as follows: 75% to the owner, and 25% to the contractor. In the purchasing of material and in the conduct of the job, the owner is to pass finally and decide on all questions.

"It is further understood that in no event is the owner to pay more than the contract price for the building unless as elsewhere provided. If the building should cost more than sixty-nine thousand nine hundred and sixteen ($69,-916.00) dollars, the contractor is to pay the additional cost, not to exceed the contractor's fee of four thousand two hundred and ninety-three ($4,293.00) dollars.

"The final payment shall be made within thirty days after this contract is fulfilled.

"All payments shall be made upon written orders of the architect to the effect that such payments have become due.

"If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim, should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default.

"The contractor whenever requested by the architect shall furnish satisfactory evidence that all bills for material furnished and labor performed have been paid, and whenever requested shall show the condition of the work in relation to materials ordered and in the shops also as to the amount of indebtedness against the building."

The material to the value of $1,426 was delivered prior to May 1, 1920, under contract made therefor by the Holmboe Company, and plaintiff in error has not been paid for same.

We are of opinion that the Holmboe Company in purchasing the doors, windows, and hardware, which were used in construction of the building, was acting as the agent of defendant in error, and that by the terms of the contract he agreed to pay for all material furnished.

While the contract provides "that in no event is the owner to pay more than the contract price for the building unless as elsewhere provided," Connellee had his archi-tect present who could at any time require the contractor to furnish satisfactory evidence that all bills for material furnished and labor performed had been paid. He had made ample provision in his contract to keep advised as to the cost of material and labor. The fact that the building cost Connellee about $35,000 in excess of what he and his contractor had agreed it should cost affords no reason why he should not pay for the material purchased by his agent and used in the construction of his building.

All other assignments contained in the application for writ of error we think should be overruled, and we recommend that the judgments of both the Court of Civil Appeals and the district court, so far as they refused plaintiff in error recovery, should be reversed and judgment rendered that plaintiff in error, Gilbert Manufacturing Company, recover from defendant in error, C. U. Connellee, the sum of $1,426 with 6 per cent. interest from May 1, 1920, together with all costs; and in other respects be affirmed.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and judgment rendered for the plaintiff in error for the sum of $1,426, with 6 per cent. interest from May 1, 1920, together with all costs; in other respects the judgments of the Court of Civil Appeals and district court are affirmed.