## H. SEAY & CO. v. MOORE. (No. 545–3702.)

(Commission of Appeals of Texas, Section A. Oct. 22, 1924.)

Banks and banking ⬅99 — Bank's contract guaranteeing purchaser against losses on purchase of cotton on consignment held not ultra vires.

Contract by which bank guaranteed purchaser against any losses on account of purchase of 300 bales of cotton on consignment from bank's customer, to whom bank had advanced money necessary to make purchase, *held* not ultra vires.

On motion for rehearing. Motion denied. For original opinion, see 261 S. W. 1013.

CHAPMAN, J. We adhere to the holding made in the original disposition of this case that the contract between plaintiff, H. Seay & Co., and W. D. Moore, was not a gambling contract. That issue was passed upon by the Court of Civil Appeals, and that court held that said contract was a gambling contract and such holding made it unnecessary for the Court of Civil Appeals to pass upon the assignments of error made by defendant Como State Bank, but under our holding the defendant Como State Bank is entitled to have its assignments passed upon. The defendant

---

Como State Bank guaranteed the performance of Moore's part of the contract mentioned in our original opinion, 261 S. W. 1013, and these are the pleadings and facts with reference to the guaranty made by the bank:

Plaintiff pleaded that Moore was engaged in the purchase and sale of spot cotton, and was a customer of the Como State Bank, and that the bank advanced to Moore money with which to purchase cotton, and that the bank retained the cotton tickets and evidence of ownership of the cotton purchased by Moore until satisfactory sales of the cotton were made, when it would surrender the tickets and evidence of ownership to the purchaser, and receive the money therefor, and apply the proceeds of such sales to the credit of the account of Moore, and that in pursuance of said arrangement and agreement the bank loaned and advanced to Moore the money with which to purchase the 300 bales of cotton involved in this suit; that the bank retained in its possession the tickets and evidence of ownership for said 300 bales of cotton until they were sold to the plaintiff on consignment, at which time it surrendered the said tickets and evidence of ownership, and received the money from plaintiff advanced by it on said cotton, and applied the same to the credit of the account of said Moore, and that on the date of the consignment of said 300 bales of cotton Moore was indebted to the bank in large amounts, and that the bank was desirous of having the indebtedness reduced, and to this end was anxious to have Moore arrange a satisfactory sale of the 300 bales of cotton, and that in order to induce the plaintiff to make the consignment agreement with Moore, so that the said bank might receive the money to apply to the credit of Moore's account, the bank, acting by and through its officers and agents, for the consideration herein mentioned, executed its several instruments in writing, guaranteeing the plaintiff against any losses on account of the purchase on consignment by plaintiff from said Moore of the 300 bales of cotton, and that plaintiff by reason of said guaranty was induced to purchase said cotton on consignment, and to make the advancements of the price of the cotton, which said amounts were received by said bank and applied by it to the credit of the account of the said Moore; that in all the transactions by the plaintiff and the bank, plaintiff dealt with the cashier of said bank in the utmost good faith, and that, if the cashier had no authority to act for the bank in such matters, plaintiff was without notice of such fact, and that the acts done by the said cashier were clearly within the apparent scope of his authority.

The trial court found all of these allegations to be true, and in addition found that on the date of the sale of the cotton the defendant Moore had no resources and no assets except the cotton that he had purchased with the money of the Como State Bank, and no other property subject to execution, and also found that the bank was directly interested in the sale of the cotton to plaintiff and that the bank received all of the benefits of the contract between Seay & Co. and Moore in that it received all of the money advanced by plaintiff on the 300 bales of cotton and applied the same to the indebtedness due it by the defendant Moore; that the plaintiff Seay & Co. would not have advanced the money to Moore except for the guaranty of the bank. All of the assignments of error of the Como State Bank in the Court of Civil Appeals in some form raise the question that the act of the bank in guaranteeing Moore's part of the contract was ultra vires.

The Supreme Court of the United States in Merchants' Bank v. State Bank, 10 Wall. 604, 19 L. Ed. 1008, speaking on one branch of the subject of ultra vires raised by the pleadings and facts in this case, made this observation:

"Those dealing with a bank in good faith have a right to presume integrity on the part of its officers, when acting within the apparent sphere of their duties, and the bank is bound accordingly."

And the Supreme Court of Texas on the same subject in Bank v. Martin, 70 Tex., 648, 8 S. W. 509, 8 Am. St. Rep. 632, made this statement:

"* * * And when a bank opens its doors for business with the public, and places officers in charge, persons dealing with them in good faith, and without any notice of any want of authority in such officer, and the act done is in the apparent scope of the officer's authority, whether the officer was actually clothed with such authority or not, the party so dealing would be protected."

Our Supreme Court in Gaston & Ayres v. J. I. Campbell Co., 104 Tex. 583, 140 S. W. 773, on another phase of this question, uses this language:

"Where such an indorsement has been apparently made for the benefit of the corporation, and has been in fact made partly for its own benefit and partly for the accommodation of another, and the corporation has received and retained the benefits of the indorsement, the contract is not void, because it is no defense for a private corporation against the enforcement of an executed contract whose benefits it holds that, while its execution was within the general scope of its powers, it involved an excessive exercise of one of them. While such a corporation retains the benefits of such a contract, it silently affirms, and must not be permitted to deny its validity."

And the same court, in Bond et al. v. Terrell Cotton & Woolen Manufacturing Co., 82 Tex. 311, 18 S. W. 692, uses this expression:

"It seems now to be settled, by the great weight of authority, that where there is ques-

tion of a contract between a corporation and another party, and the contract has been performed by the other party, and the corporation has received the benefit of the contract, it will not be permitted to plead that, on entering into the contract, it exceeded its chartered powers."

And the same holding is again made by the same court, in Texas Western Ry. Co. v. Gentry, 69 Tex. 632, 8 S. W. 102:

"There are some decisions which hold that a contract by a corporation ultra vires is wholly void, and cannot be enforced either by or against it; but if the contract be within the general scope of the corporate authority, and the prohibition be merely against the mode of its execution, it is valid as against the corporation who has received its benefits, in favor of a party who has fully complied wtih the obligations on his part."

Our Courts of Civil Appeals hold against some phase of the contention of defendant in error Como State Bank in each of the following cases: McCormick Harvesting Machine Co. v. Millett et al. (Tex. Civ. App.) 29 S. W. 80; Cuero Packing Co. v. Alamo Manufacturing Co. (Tex. Civ. App.) 194 S. W. 492; Bay City Bank & Trust Co. v. Rice-Stix Dry Goods Co. (Tex. Civ. App.) 195 S. W. 344; First National Bank of Greenville v. Greenville Oil & Gas Co., 24 Tex. Civ. App. 645, 60 S. W. 828; El Paso Bank & Trust Co. v. First State Bank of Eustis (Tex. Civ. App.) 202 S. W. 522.

Under the pleadings and facts and law as above set out, we think it so clearly appears that the doctrine of ultra vires does not apply in this case that a further discussion is unnecessary. After having considered the assignments of error raised by the defendant in error Como State Bank in the Court of Civil Appeals, and being of the. opinion that the same disposition should be made of the case as was made in our original opinion, we recommend that the motion for rehearing be denied.