## SMITH v. SANDERS.
### No. 10755.

Court of Civil Appeals of Texas. Galveston.
April 27, 1939.

Rehearing Denied May 18, 1939.

W. F. Tarver, of Houston, for appellant.

Cutrer & Murfee and Thos. M. Ryan, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the County Court at Law No. 2 of Harris County, Texas, in an action brought by appellee, DeWitt A. Sanders, plaintiff below, against appellant, E. Calvert Smith, and John L. Haden, defendants below, for the costs of labor and materials furnished by appellee for the construction of certain improvements and repairs to appellant's residence in Houston, Texas.

On February 1, 1937, appellant E. Calvert Smith entered into a written contract designated as a "Cost Plus Fee Basis" contract with John L. Haden for the con-

struction of said repairs and improvements, said contract being a form of contract between contractor and owner issued by the American Institute of Architects for use when the cost of the work, plus a fee, forms the basis for payment.

The contract consisted of an agreement, general conditions agreement, and specifications of changes to be made in appellant's residence. It contains the following material provisions:

"Article 4. Fee for Services.

"In consideration of the performance of the contract, the owner agrees to pay the contractor, in current funds, as compensation for his services hereunder cost plus 15%, with a guarantee that the total must not exceed $6,000.00 for the completed job, which shall be paid as follows: Weekly estimates (On Friday) for labor and monthly estimates (On the first) for material. * * *

"Article 7. Costs to be Paid Direct by the Owner.

"In addition to the items of cost noted in Article 5 for which the owner reimburses the contractor, the owner shall pay all costs as follows:

"(a) Materials, supplies, required for the proper execution of the work, which shall include all temporary structures and their maintenance; all such costs to be at rates not higher than the standard paid in the locality of the work except with prior consent of the Owner.

"(b) The amounts of all separate contracts.

"(c) Premiums on all bonds and insurance policies called for under Articles 27, 28, 29 and 30 of the General Conditions of the Contract. * * *

"Article 10. Separate Contracts.

"All portions of the work that the Contractor's organization has not been accustomed to perform or that the Owner may direct, shall be executed under separate contracts let by the Owner direct. In such cases either the contractor shall ask for bids from contractors approved by the Owner and shall deliver such bids to him. The Owner shall contract for such work direct with such approved bidders in accordance with the terms of this agreement and the General Conditions of the Contract, which Conditions shall, for the purposes of such contracts, stand as printed or written and not be subject to the modifications set forth herein.

"The Contractor, being fully responsible for the general management of the building operation, shall have full directing authority for the execution of the separate contracts.

"The separate Contractors shall not only cooperate with each other, as provided in Article 35 of the General Conditions of the Contract, but they shall conform to all directions of the Contractor in regard to the progress of the work. * * *"

Articles 11, 13 and 14 of specifications give a list of the changes to be made in said residence. It is not necessary for the purpose of this appeal to copy them here in detail.

The record shows that while improvements and repairs were being installed under said contract appellee DeWitt A. Sanders was requested by the said John L. Haden to submit a bid for furnishing and installing a metal door, windows, screens and other materials for the repair of said residence; that, at the suggestion of the said Haden, he met with appellant and his wife at their said residence and that they, appellant and his wife, selected from samples submitted to them by appellee, the materials they desired for said improvements. The value of said improvements and the cost of their installation was $475. The said John L. Haden testified that neither he nor his organization were accustomed to furnish the materials furnished by appellee nor were they prepared to install said materials. It was stipulated that $20 was a reasonable attorney's fee in the event of a judgment in favor of appellee. The record shows that appellant paid John L. Haden under said contract a total of $6745.75, an excess of $745.75 over and above the maximum price stipulated in said contract.

Appellee alleged that, while under terms of said contract the said John L. Haden was designated as contractor, he was in fact agent of appellant, and as such agent he was authorized to make such contract for appellant; that appellee furnished said materials and labor in accordance therewith and that thereby appellant, through the said John L. Haden, agreed to pay appellee a total of $475 for said labor and material, all of which was used in repair of said residence and for which he had not been paid. In alternative pleas appellee pled both an implied contract and quantum meruit and prayed also for an additional $25 as statutory attorney's fees.

Appellant answered by general denial and general demurrer, and by special pleas, contended that the contract between him and the said John L. Haden for said repairs and improvements did not create the relationship of principal and agent but that it did create that of owner and independent contractor.

The trial, which was before the court without a jury, resulted in a judgment in favor of appellee in the sum of $495, including the costs of said improvements and $20 statutory attorney's fees. No findings of fact or conclusions of law were requested of the court and none were filed. On motion of appellee during the trial John L. Haden was dismissed as a party defendant.

The main question to be determined in this appeal is, whether, under the terms of said contract, the said John L. Haden was an independent contractor for a finished job for a certain stipulated sum or whether this is a "cost plus" contract in which the contractor became the agent of the owner and the owner became directly responsible to appellee who furnished the labor and materials for said repairs.

This identical question has been decided by the Commission of Appeals in the case of Gilbert Mfg. Co. v. Connellee, 265 S.W. 375. The rule laid down in this case is followed by the Dallas Court of Civil Appeals in the case of Dallas National Bank v. Peaslee-Gaulbert Co. et al., 35 S.W.2d 221, and by the San Antonio Court of Civil Appeals in the case of Moody-Seagraves Ranch Co., Inc., et al. v. Brown et al., 69 S.W.2d 840.

In each of these cases a "cost plus" contract was involved, and in each case under a state of facts similar in all material respects to those in the instant case the contractor was held to be the owner's agent and the owner was held directly responsible for labor and material furnished.

In the case of Gilbert Mfg. Co. v. Connellee, supra, the contract involved provided, as in the instant case, that in no event should the owner pay more than the contract price for the building unless as elsewhere provided. As in the instant case the building cost more than the maximum cost provided for in the contract. The court in its opinion held [265 S.W. 376]: "The fact that the building cost Connellee about $35,000 in excess of what he and his contractor had agreed it should cost affords no reason why he should not pay for the material purchased by his agent and used in the construction of his building."

In the case of Dallas National Bank v. Peaslee-Gaulbert Co., supra, the contract contained the following provision [35 S.W. 2d 222]: "It is mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and materials shall be the actual net cost to the contractor * * * plus a fee of $28,000 for his services."

It was the contention of appellee Company in the case of Dallas National Bank v. Peaslee-Gaulbert Co. et al., supra, that under the above provision of said contract appellant made appellee its agent to the extent of purchasing material necessary to comply with the terms and provisions of said contract. The court in its opinion held that, appellant having so appointed appellee, appellant was bound by the acts of appellee, and that therefore the acts of said sub-agent were authorized by the terms of said original contract and could not be questioned.

The contract in the case of Moody-Seagraves Ranch Co., Inc., et al. v. Brown et al., supra, provided [69 S.W.2d 843]: "'In consideration of the performance of the contract, the owner agrees to pay the contractor, in current funds, as compensation for his services hereunder 10% of the contract price ($————) which shall be paid as follows: fee to be made a part of each monthly estimate. * * * The contractor guarantees that the total contract price of all work as shown on plans and called for in specifications is not to exceed $147,683.65.' "

The Court in its opinion held: "In Gilbert Mfg. Co. v. Connellee, Tex.Com.App., 265 S.W. 375, we find the following language: 'The material issue tendered in plaintiff's petition in the trial court is whether defendant authorized the Holmboe Company (as his agent) to purchase the material furnished and agreed to (be used in his building and promised to) pay for same. If it did, he would be liable for the debt, and the mere fact that under his contract the Holmboe Company was an independent contractor in the construction of the building would not defeat his liability.' "

Under the above authorities and for the reasons above stated, the judgment of the trial court will be in all things affirmed.

Affirmed.