### SMITH v. SPENCER-SAUER LUMBER CO.

### No. 10775.

Court of Civil Appeals of Texas. Galveston.

May 18, 1939.

W. F. Tarver, of Houston, for appellant.

Warren P. Castle, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the county court at law of Harris County in an action brought by appellee, Spencer-Sauer Lumber Company, plaintiff below, against appellant, E. Calvert Smith, defendant, for the costs of material furnished by appellee in the construction of certain improvements and repairs to appellant's residence in Houston, Texas.

This appeal involves the construction of a contract entered into on February 1, 1937, between appellant, E. Calvert Smith, and John L. Haden for the construction of certain repairs and improvements. The contract is what is known as a "cost plus fee basis" contract on a form of contract between contractor and owner issued by the American Institute of Architects for use when the cost of the work plus a fee forms the basis of payment.

On the trial, which was before the court without a jury, it was stipulated by the parties that each item of material furnished on which the action was based was furnished by appellee and was used in the repair and improvement of appellant's residence, that the prices charged were the usual and customary charges for such material; that all credits had been allowed, and that the amount due appellee therefor was the sum of $380.22.

Article 4 of said contract provides that the owner agrees to pay the contract cost plus 15% with a guarantee that the total cost must not exceed $6,000 for the completed job. The record shows that the appellant paid John L. Haden under said contract a total of $6745.75, which was an excess of $745.75 over and above the maximum price stipulated in said contract.

Judgment was rendered in favor of appellee and against appellant in the sum of $380.22 for its debt, and for $20 as statutory attorney's fees.

While the cases are not the same, the exact question involved in this appeal was decided and fully discussed by this court in an opinion handed down on April 27, 1939, entitled E. Calvert Smith v. DeWitt A. Sanders, Tex.Civ.App., 128 S.W.2d 160, which involved the construction of the same contract between appellant, E. Calvert Smith, and John L. Haden. The question involved is whether the said John L. Haden was an independent contractor for a finished job for a specified sum, or whether said contract was a "cost plus" contract in which the contractor became the agent of the owner and the owner became directly responsible to the parties furnishing labor and material for said improvements and repairs.

As stated in the previous opinion, it is the opinion of this court that this identical question has been decided by the Commission of Appeals in the case of Gilbert Manufacturing Company v. Connellee, 265 S.W. 375, and that the rule laid down in

the case of Gilbert Manufacturing Company v. Connellee, supra, has been followed by the Dallas Court of Civil Appeals in the case of Dallas National Bank v. Peaslee-Gaulbert Co. et al., 35 S.W.2d 221, and by the San Antonio Court of Civil Appeals in the case of Moody-Seagraves Ranch Co. et al. v. Brown et al., 69 S.W. 2d 840, 841.

In each of these cases a "cost plus" contract was involved and in each case under a state of facts similar in all material respects to those in the instant case, including the fact that the buildings involved cost in excess of what the contractor had agreed that they should cost, the contractor was held to be the owner's agent and the owner held directly responsible for labor and material furnished.

Under the above authorities, and for the reasons above stated, the judgment of the trial court will be in all things affirmed.

Affirmed.