## ASSOCIATED INDEMNITY CORPORA-TION v. WALNUT HILL CORPO-RATION et al.

### No. 4603.

Court of Civil Appeals of Texas. El Paso.
Dec. 15, 1948.

Rehearing Denied Jan. 5, 1949.

Irion & Cain, Dallas, Margaret A. Brand, Dallas, for appellant.

Holman Jenkens, Andrew Thuss, Jr., Lively, Alexander, George & Thuss, Dallas, for appellees.

SUTTON, Justice.

The appellant sued H. T. Robb, Carl C. Mays, Robert F. Thompson and Walnut Hill Corporation, a corporation, to recover $2916.67 as an earned premium due on two policies of insurance, one for workmen's compensation and one for public liability, alleged to have been issued for the benefit of the defendants. The trial was to the court and judgment was rendered for the plaintiff against H. T. Robb for the amount sued for, but in favor of the other defendants and from the judgment in favor of the other named defendants the plaintiff has appealed.

On request the trial court filed findings of fact and conclusions of law.

The record does not disclose an answer by H. T. Robb. The other defendants answered but no questions are raised on the pleadings and a statement of the pleadings is unnecessary.

The appellant on this appeal seeks relief only against Walnut Hill Corporation and as to it presents five points. They are:

That the trial court erred in holding as a matter of law that Robb, the contractor, was an independent contractor; in holding as a matter of law that the insurance premiums involved constituted a debt made on the credit of Robb; in holding as a matter of law that there was no express or implied promise on the part of Walnut Hill Corporation to become liable for the premiums; in holding as a matter of law that plaintiff did not look to Walnut Hill Corporation, as the owner, for payment of the premiums; and in holding that Walnut Hill Corporation is not liable for the premiums. 1, 4 and 5 are grouped as are 2 and 3.

Predicated on its points the appellant makes two contentions, first that the letter, which made the contract a "cost-plus" contract constituted the contractor the agent of the owner and rendered it liable for the premiums, and secondly, the owner having accepted the benefits and protection of the policies can not avoid liability for the premiums.

Walnut Hill Corporation, described as the "Corporation", (and we will so designate it here) on April 23, 1946, as the owner of a described tract of land of about 150 acres, entered into a contract with Robb & Company, a co-partnership, here referred to as "Robb", to construct on said land a pressure sewer system, a water distribution system and a sanitary sewer system, all satisfactory to the City of Dallas, and a storm sewer for drainage purposes, and a system of paved streets, concrete curbs and

gutters, all to meet the specifications of the City of Dallas, for a consideration of $350,000.00. On April 25, 1946, Robb addressed a letter to the corporation wherein the contract is identified and the following proposition submitted:

"Irrespective of the fact that these contracts and agreements call for stated sums as consideration for the construction of this work and the profit and fee to be received by Robb & Company it is understood and agreed that you have the continuing option to pay the actual cost of labor, material and insurance in connection with this work plus a fee of $2\frac{1}{2}\%$ of such cost in lieu of the figures mentioned in the contracts, notes and agreements which are today being executed and delivered."

The Corporation accepted the option in this language:

"The option contained above is hereby exercised and Walnut Hill Corporation will pay cost plus $2\frac{1}{2}\%$ as mentioned hereinabove."

Based upon the quoted provisions of the letter and the acceptance the appellant contends as heretofore noted in its first contention, that the contract became a "cost plus contract" and by reason thereof constituted the contractor the agent of the owner and rendered the corporation liable for the premiums sued for.

In support of such contention it relies upon and cites Gilbert Mfg. Co. v. Connelle, Tex.Com.App., 265 S.W. 375; Smith v. Sanders, Tex.Civ.App., 128 S.W.2d 160; Smith v. Spencer-Sauer Lbr. Co., Tex.Civ. App., 129 S.W.2d 384; Moody, Seagraves Ranch Co. v. Brown, Tex.Civ.App., 69 S. W.2d 840; Dallas Nat. Bank v. Peaslee-Gaulbert Co., Tex.Civ.App., 35 S.W.2d 221.

A so-called "cost-plus contract" is just another contract to be determined by its terms and its provisions will determine whether or not a contractor is the agent of the owner. The original contract between the parties, after describing the several types of construction to be undertaken, as heretofore indicated, provided:

"Now, Therefore, in consideration of the obligation of the corporation, as hereinafter set forth, the Contractors have agreed and by these presents do agree with the corporation that they will make, erect, build, place on and finish in a good and substantial and workmanlike manner, by the 15th day of August, 1946, the said above mentioned improvements on the above described premises, performing, or causing to be performed, all of the labor in the placing on, erection and construction of same, and furnishing all the material of whatsoever kind, to be used in the erection, placing on and construction of same, paying all expense incident to said labor and furnishing the material; the said improvements to be built and constructed of good substantial material, and to be erected and constructed strictly according to letter of agreement signed by the parties hereto and made a part hereof.

"And in consideration of the foregoing to be done, furnished and performed by Contractors, the Corporation agrees to pay to Contractor at Dallas, Texas, the sum of Three Hundred and Fifty Thousand ($350,-000) Dollars, as evidenced by note of the corporation, payable to the Contractors, etc."

Provisions follow providing for a mechanic's materialman's laborer's and contractor's lien, and deed of trust lien to secure the payment of the note, and for the repair and insurance of the property covered by the liens.

The contract further provides:

"It Is Understood And Agreed that the failure to complete said improvements in accordance with said contract, plans and specifications, shall not make this mechanic's lien void in whole, but the lien shall be valid lien for such labor and material as may be actually put upon the premises * * *"

There is no provision or reservation in the contract for any character of supervision or control by the corporation over the construction. The letter relied upon by the plaintiff has heretofore been copied.

There is no statement of facts and the case is submitted on the findings made by the trial court wherein the contract and letter are quoted and to which are attached the insurance contracts. The trial court found that Robb & Company purchased and

paid for labor and materials and other charges incurred in connection with the construction, and from time to time furnished the corporation estimates of the amounts of such expenditures and upon such estimates the corporation reimbursed Robb & Company and added thereto 12% to cover taxes and insurance, 4% was estimated to cover taxes and the remainder to cover insurance, and that the corporation had paid Robb & Company $4,372.60 to cover insurance costs. The court further found that Robb had purchased from Williams-Boyce Agency, an insurance agency of Amarillo, Texas, through whom the insurance involved in the instant case was procured, insurance prior to this transaction and by reason thereof had established for himself and his company a line of credit with such Agency, and the insurance, the premium for which is involved here, was purchased and written by Williams-Boyce Agency upon the instructions of Robb "and a memorandum that insurance had been written naming the parties as they appear in the insurance contract was mailed to Carl Mays;" that there were never any dealings between the Agency and the corporation except as indicated in the quoted lines above; that Robb designated the kind of insurance to be written; that the corporation never authorized Robb to act for the corporation in any capacity; that the corporation did not request Robb to secure insurance for it; that the policies were delivered to Robb & Company and charged to Robb & Company and carried in an account of Robb & Company. There is the further finding that all payments and credits made on the ledger account of Robb & Company were made by it and not by the corporation and no demand made upon the corporation for any payment of premiums until December 1946, and that the corporation in no manner made any promise to pay such premiums other than as might be implied from the contract and letter and the receipt of the "memorandums" of purchase above indicated as mailed to Mays.

■ We take it, insofar as the contract is concerned, as originally written and standing alone without the letter, there is no contention that the contract did not constitute Robb & Company an independent contractor whose obligation was to do and deliver a construction job in a good and substantial workmanlike manner. It is our conclusion there is nothing in the letter that altered that relationship or that changed the contractor's obligation to do and deliver as obligated in the original contract, but that it merely reduced to a certainty the amount of compensation Robb should receive for its technical skill and service and made certain to the corporation it would not pay more than the actual cost of labor, materials and insurance plus the 2½% fee to Robb. It may be noted the letter provided the corporation on acceptance would "pay the actual net cost of labor, materials and insurance in connection with this work plus a fee of 2½% of such cost," and that it does not provide the corporation shall furnish the labor, material and insurance and pay a fee of 2½% of such cost to Robb, nor is there any provision that the corporation shall pay for such labor, materials and insurance.

■ We have carefully read the authorities relied upon and do not construe them to declare the rule to be that every contract for construction which fixes the compensation of a contractor as a stipulated per centum of the actual costs constitutes the contractor the agent of the owner. What the cases, in a word, hold, is that one is liable for all he agrees to pay for, whether purchased by himself or through an agent. Our conclusions and views find support in the case of Allen v. Republic Building Co., Tex.Civ.App., 84 S.W.2d 506, wherein we think the correct rule is announced that the payment of a per cent of the costs of construction as compensation to the contractor is not inconsistent with the relation of independent contractor and owner and such provision for payment is not decisive but the relationship must be determined from all the terms of the contract.

■ This determination renders unnecessary any considerable discussion of the second contention made by the plaintiff, because there is no claim made that the corporation had any employees or interests that were protected by the insurance written other than those employees and interests involved in the construction job. If we

be correct in the determination that Robb was an independent contractor, and about which we certainly entertain no doubt, then the corporation had no employees or interests to protect, because it was not doing the job but the contractor was, and had an employee been injured on the job and sought recovery against a carrier of insurance for the corporation, had it had such insurance, he could not have recovered because not employed by the corporation, Casualty Underwriters v. Rhone, Tex.Civ.App., 132 S.W.2d 97; Traders & General Ins. Co. v. Rhone, Tex.Civ.App., 110 S.W.2d 621; and because of a lack of insurable interest. It is axiomatic that insurable interest must exist. 44 C.J.S., Insurance, § 175, p. 869. Based upon these considerations the second contention of the plaintiff made under its 2nd and 3rd points that the corporation having accepted benefits procured for it by its agent must pay for such benefits must fall with the first.

It becomes unnecessary for us to authoritatively determine, if it can be done, in whose name the insurance was issued from the insertions made in the policies when issued and by subsequent endorsements, because rendered immaterial by the determinations made.

There is no error in the judgment of the trial court and it is in all things affirmed.