**PEERLESS INSURANCE COMPANY,**
**Plaintiff,**

v.

**William DIMAS, et al., Defendants.**

**No. 80 C 532.**

United States District Court,
N. D. Illinois, E. D.

Nov. 27, 1981.

Merrill B. Meyer, Rappaport & Meyer, Chicago, Ill., for plaintiff.

Vincent J. Pascucci, Coles & Griffin Ltd., Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Peerless Insurance Company ("Peerless") originally sued C P Construction Company, Inc. ("C P") for unpaid premiums on workers' compensation and liability insurance policies issued by Peerless to C P. Peerless has now joined as defendants William Dimas ("Dimas") and George Samatas ("Samatas"), who have moved for summary judgment. For the reasons stated in this memorandum opinion and order the Dimas-Samatas motion is granted.

*Facts* [1]

Peerless' insurance policies issued to C P were audit policies, with the final premiums subject to Peerless' audit of C P's books. That audit reflected an additional premium of $20,386 due under the workers' compensation policy and an additional premium of $10,140 due under the general liability policy.

C P has apparently suffered the construction industry's occupational hazard of insolvency, so Peerless cast about for a deeper pocket on which to impose its own loss. It lit upon Dimas and Samatas, whose only connection with the policy was the attenuated one that an Illinois land trust of which they were the beneficiaries (First Arlington National Bank as Trustee under Trust No. A–613, "Trustee") had let a contract to C P for construction of a nursing home. As is typical in such transactions, an endorsement of the general liability policy [2] making

---

1. Allegations of Peerless' Second Amended Complaint as to the basis for and amount of C P's liability are accepted as true for purposes of this opinion.

2. Peerless' Second Amended Complaint also asserts that Dimas and Samatas are liable for the $20,386 as additional insureds under the workers' compensation policy. That claim is unconscionably asserted, for Peerless' own documents refute it. No such endorsement has been proffered—quite understandably, given the nature of workers' compensation insurance and the fact that only C P's employees were engaged in the construction. It can only be viewed as irresponsible to advance the claim

Trustee an additional insured was requested and obtained. It should be noted, though an independent ground exists for granting summary judgment, that Dimas and Samatas were not themselves designated as additional insureds by the endorsement.

### Non-Liability of Dimas and Samatas

Peerless' theory is that because Trustee was made an additional insured its beneficiaries, Dimas and Samatas, became personally liable for the premiums. That argument may perhaps be ingenious but it is entirely groundless. First year law school contract law compels its rejection.

Peerless was of course the author of its own insurance policies. Were there any ambiguity, the general liability policy would be construed against Peerless. But the policy is plain enough:

(1) At the very outset the policy states: Peerless Insurance Company, *in consideration of the payment of the premium,* in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the *named insured*[3] as follows . . . .

(2) Item 1 on the policy's cover page lists as the *named insured* only C P Construction Company, Inc. Confirming that usage the "Definitions" section of the policy states:

"*named insured*" means the person or organization named in Item 1 of the declarations of this policy.

(3) *Insured* is defined in the same "Definitions" section more broadly than *named insured* :

"*insured*" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insured coverage.

(4) In Peerless' one-page "Additional Insured" endorsement form—the only

form naming Trustee (and as already indicated, not naming Dimas or Samatas individually)—the policy is amended *only* by including Trustee as an *insured.* Neither Trustee nor Dimas or Samatas was designated a *named insured.*

(5) Throughout the policy the terms *named insured* and *insured* are not used interchangeably but with care and precision. Peerless was meticulous in distinguishing the rights and duties of persons or organizations coming within each definition. Indeed in the endorsement adding Trustee as an *insured* the only liability covered was that "arising out of (1) operations performed for the additional insured by the *named insured* at the location designated above [the nursing home] or (2) acts or omissions of the additional insured in connection with his general supervision of such operations."

(6) Neither Trustee nor Dimas or Samatas carried on any "supervision" whatever of the "operations performed for the additional insured [Trustee] by the *named insured* [C P] at the location designated above [the nursing home]." No agent or employee of any of them was engaged in the construction project. Peerless' audit was of C P's payroll or receipts only and had no relationship of any kind to Trustee or Dimas or Samatas.

Peerless advances no authority that would support liability here. Dimas and Samatas on the other hand tender a number of cases that support their position. This Court need not however devote much space to legal analysis because serendipity has been at work here. Earlier this month our Court of Appeals had occasion to deal with a related issue. In *Allegheny Airlines, Inc. v. Forth Corp.,* 663 F.2d 751, 759 (7th Cir. 1981), it stated the relevant proposition simply:

Whether an additional insured added by an endorsement is a "Named Insured" or

---

under the circumstances. All of the remaining text discussion relates to Peerless' $10,140 claim under the general liability policy.

**3.** All defined terms are printed in bold face throughout the policy. This opinion will em-

ploy italics for the same purpose, so that unless otherwise indicated the emphasis reflected in this opinion was also present in the original document. This opinion *has* added the emphasis to the "in consideration . . ." phrase.

an "Insured" other than a "Named Insured" is determined primarily by the intent of the parties to the policy and by the language of the policy. [citing cases]

*Allegheny Airlines,* the cases it cites and the insurance texts and cases they cite in turn all make plain that the distinction between *named insured* and *insured* is conventionally employed in insurance policies, and it is a distinction given substantive meaning. Peerless employed the same usage and is bound by its consequences:

(1) It specifically (on its own form of insurance policy) contracted for payment of the premiums by the *named insured* not the *insured.* Having done so it cannot now seek to hold insured persons other than the *named insured* liable for those premiums.

(2) Even were that not the case Dimas and Samatas (as distinct from Trustee) were not made "persons insured" under the policy.

Peerless is foreclosed from recovery not only on express contract concepts but on notions of implied contract as well. *Associated Indemnity Corp. v. Walnut Hill Corp.,* 220 S.W.2d 301, 304–05 (Tex.Civ.App.1948); *cf. Stevens Insurance, Inc. v. Howells,* 155 Mont. 494, 473 P.2d 523, 528 (1970) and cases cited in that opinion.

### Conclusion

Peerless took a business risk when it contracted with C P under an audit-type policy. It lost that bet when C P failed financially. But risk-taking is of the essence of the insurance business, and no insurer can reasonably expect to thrust the consequences of its losses on other parties when the risks in fact eventuate.

There is no question of material fact, and Dimas and Samatas are entitled to a judgment as a matter of law. Peerless' action against them is dismissed with prejudice.[4]

---

4. After this decision had been reached Peerless' counsel appeared at the previously-scheduled status hearing to move for dismissal of the claims against Dimas and Samatas with prejudice. For the reasons stated in this opinion that motion is being granted *after* entry of summary judgment in favor of Dimas and Samatas.