## McKINNEY v. SHERWIN–WILLIAMS CO. OF TEXAS. (No. 3050.)

(Court of Civil Appeals of Texas. Texarkana. April 9, 1925.)

**1. Master and servant ⬤⟐316(1)—Control test of relation.**

Whether one is servant or independent contractor depends on whether employer had right to control manner in which work was done.

**2. Master and servant ⬤⟐316(1)—Truck driver held independent contractor.**

Truck driver, contracting to haul freight shipments for corporation at 5 cents per 100 pounds, and stipulating for control of ways and means incident to proper performance of contract, *held* independent contractor, and one injured by truck could not recover damages from company.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by J. Y. McKinney against the Sherwin-Williams Company of Texas. From judgment of dismissal, plaintiff appeals. Affirmed.

Davis, Johnson & Handley, of Dallas, for appellant.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

HODGES, J. The appellant, plaintiff below, sued the appellee to recover damages for personal injuries. In his original petition, appellant alleged that he was injured by a truck driven by James Calhoun, an employee of the appellee. The contract upon which he relied to establish the relation of master and servant between Calhoun and the appellee was attached to the petition. A demurrer to the petition was sustained by the trial court and the suit dismissed. The correctness of that ruling is the only question presented upon this appeal.

The following are the material portions of the contract attached to the petition:

"In consideration of the sum of one dollar ($1.00), receipt of which is hereby acknowledged, this agreement is this day made and entered into by and between James Calhoun, party of the first part, and the Sherwin-Williams Company of Texas, a Texas corporation, party of the second part.

"1. (a) Party of the first part agrees to haul and party of the second part agrees to pay for all inbound and outbound freight shipments on the basis of five cents (5¢) per hundred pounds.

"(b) Party of the first part agrees to haul and party of the second part agrees to pay for inbound and outbound express shipments and all deliveries within the city of Dallas at the rate of five cents (5¢) per hundred pounds, with a minimum charge of seventy-five cents (75¢) for any one motor truck load.

"2. Party of the first part agrees to confine his hauling with the above-mentioned truck to

the requirements of the Sherwin-Williams Company of Texas during their regular business hours and in all other cases except as may be agreed and understood between the party of the first part and the party of the second part.

"3. Party of the first part agrees to use the space provided on the premises of the party of the second part at 1621 Wall street for parking and storing the said truck.

"4. Party of the first part agrees to carry fire insurance equal to the appraised value of said truck. Party of the first part further agrees to carry theft insurance equal to the value of said truck.

"5. Party of the first part agrees to at all times maintain the truck in good repair and in good running condition.

"6. The party of the first part agrees to at all times hold the party of the second part absolutely harmless from any action, cause, causes of accident, damages, costs, expenses, claims or demands whatsoever in law or equity which may arise from or grow out of any accident caused or occasioned by the party of the first part, his employees or agents, it being clearly understood and agreed that party of the first part occupies at all time the position of an independent contractor and (controls all ways and means incident to the proper performance and completion of this contract).

"7. It is agreed and understood that the contract hereby entered into covers a period of one year beginning October 17, 1921, and ending October 17, 1923, and further that the party of the first part agrees to perform all of the duties and obligations covered by this contract in conscientious, straightforward, businesslike manner.

"8. It is understood and agreed that for the fulfillment of this agreement and for the faithful performance of this contract that the party of the second part will pay to the party of the first part all amounts due on the 15th day and the last day of each month following the performance."

[1] The question is, Does that contract create the relation of master and servant between Calhoun and the appellee, or was Calhoun an independent contractor? The rule for determining whether one is a servant or an independent contractor is laid down and discussed in the following cases: Cunningham v. R. R. Co., 51 Tex. 510, 32 Am. Rep. 632; Moore v. Lee, 109 Tex. 391, 211 S. W. 214, 4 A. L. R. 185; Crow v. McAdoo (Tex. Civ. App.) 219 S. W. 241; Higgrade Lignite Co. v. Courson (Tex. Civ. App.) 219 S. W. 230, and cases there cited. These cases approve the following test adopted in Wallace v. Southern Cotton Oil Co., 91 Tex. 21, 40 S. W. 399:

"If Davis was an independent contractor in the sense that the company had no right of control as to the manner in which the work was to be done, then he was not the servant of the company; and the plaintiff, having been employed by him, cannot recover."

[2] The contract quoted above did not bind Calhoun to personally do the work contem-plated. He did not hire himself to the appellee; but the labor contracted for might have been performed by another under the direction of Calhoun, without in any manner violating either the letter or the spirit of the contract. It was expressly stipulated in the contract that Calhoun should "control all ways and means incident to the proper performance and completion of the contract," meaning, of course, the performance of the details of the work contemplated.

The judgment is affirmed.