## CHANCELLOR v. NORWICH UNION IN-DEMNITY CO.   (No. 7144.)*

Court of Civil Appeals of Texas. Austin.
July 27, 1927.

Rehearing Denied Oct. 5, 1927.

**I. Master and servant ☞417(5)—Burden of proving subcontractor was independent contractor held on compensation insurer asserting it in suit to set aside award.**

In action by contractor's insurer to set aside compensation award in favor of subcontractor's employee, burden of proving issue, voluntarily made and relied upon by insurer to defeat award, that subcontractor was an independent contractor, and hence that contractor was not liable for compensation, held upon insurer.

**2. Evidence ☞91—Party asserting issue must prove it.**

Universal rule is that party asserting issue must prove it.

**3. Master and servant ☞417(5)—Compensation claimant in insurer's suit to set aside award need only prove employment by insured and that he is entitled to compensation (Rev. St. 1925, art. 8307, § 5).**

Under Rev. St. 1925, art. 8307, § 5, placing burden of proof in insurer's suit to set aside award of compensation upon party claiming compensation, claimant is only required to prove his employment directly or indirectly, or. by express or implied contract, by insured, and that he is entitled to compensation.

**4. Master and servant ☞417(5) — Employee met burden to prove employment by proving implied employment by contractor and that subcontractor in work was under contractor's control (Rev. St. 1925, art. 8307, § 5).**

In action by contractor's insurer to set aside compensation award in favor of subcontractor's employee, employee sustained burden to prove employment, under Rev. St. 1925, art. 8307, § 5, by alleging and proving that he was impliedly employed by contractor, and that, while he was immediately employed by subcontractor who had some character of contract with contractor, still subcontractor and all his employees were under control of contractor in doing actual work on building under construction.

───────────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 30, 1927.

**5. Trial ☞194(19)—Instruction assuming contract between contractor and subcontractor made latter independent contractor as matter of law held error under evidence.**

In action by contractor's insurer to set aside compensation award in favor of subcontractor's employee, where contract between contractor and subcontractor did not make latter an independent contractor as a matter of law, instruction indicating court's conclusion that contract made subcontractor an independent contractor as a matter of law *held* erroneous.

**6. Master and servant ☞367—Contracts to furnish labor and material for stipulated sum are independent contracts unless circumstances clearly show contrary.**

In workmen's compensation cases contracts to furnish labor and material to construct building for stipulated sum are independent contracts unless other circumstances present clearly indicate contrary conclusion.

**7. Master and servant ☞367—Whether one is independent contractor largely depends on circumstances.**

In workmen's compensation cases whether one is an independent contractor largely depends upon the facts and circumstances of each case.

**8. Trial ☞250—Charge requiring, before finding subcontractor was not independent contractor, proof of agreement before executing subcontract that subcontractor was not to be independent of contractor's control held error as not supported by pleadings or evidence.**

In action by contractor's insurer to set aside award of compensation in favor of subcontractor's employee, instruction requiring jury to find that, at time subcontract was executed, it was understood or agreed that subcontractor was not to be independent from contractor's control and be responsible only for result before finding on special issue that subcontractor was not independent contractor *held* erroneous as not supported by pleading or evidence.

**9. Master and servant ☞417(5)—Contractor's ignorance as to whether subcontractor insured employees held admissible in determining right of subcontractor's employee to compensation from contractor's insurer (Workmen's Compensation Law [Rev. St. 1925, art. 8306 et seq.]).**

In action by contractor's insurance carrier to set aside award of compensation in favor of subcontractor's employee, contractor's testimony that he did not know or attempt to ascertain whether subcontractor insured his men, under Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq.), and fact that subcontractor did not insure them *held* admissible to determine employee's right to compensation.

**10. Trial ☞350(1) — Compensation claimant held entitled to submission on special issue of each ground relied on.**

In action by contractor's insurance carrier to set aside award of compensation in favor of subcontractor's employee, submitted on special issues, compensation claimant was entitled to have submitted for ultimate finding each of grounds relied on by him, namely, that he was employed by contractor, that if contractor sublet work he retained control of it, and that claimant was under his control, and that contract subletting work was made in fraud of claimant's right to compensation.

**11. Trial ☞350(3)—Contractor's insurer suing to set aside award to subcontractor's employee held entitled to issue presenting defense that subcontractor was independent contractor.**

In action by contractor's insurance carrier to set aside award of compensation in favor of subcontractor's employee, tried on special issues, insurance carrier *held* entitled to issue presenting special defense that subcontractor was independent contractor.

**12. Trial ☞219—Special issues, where necessary, should be accompanied by necessary definitions and explanations.**

Special issues, where necessary, should be accompanied by necessary definitions and explanations, as provided under special issue statute, to aid jury in arriving at answer.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by the Norwich Union Indemnity Company against W. A. Chancellor to set aside an award of compensation by the Industrial Accident Board. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

King & York, of Austin, for appellant.

Garrett, Brownlee & Goldsmith, of Austin, for appellee.

BLAIR, J. Appellee sued in the manner provided by statute to set aside an award of the Industrial Accident Board in favor of appellant for loss of an eye, which, he alleged, resulted from an injury sustained while in the employ of H. E. Wattinger, who was under contract to construct three buildings in connection with the State Feeble-Minded Colony, at Austin, and insured at the time by appellee, under provision of the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.). Appellee resisted the claim and pleaded that Wattinger sublet the particular work at which appellant was engaged when injured to one J. R. Morris, an independent contractor, who employed appellant, and therefore he was not covered by the policy issued by appellee to Wattinger. Appellant replied that if Wattinger sublet the work, which he denied, he still retained control of it, and that Morris and all his employees were under orders and control of Wattinger in doing the actual work of construction, and further pleaded that the contract between Wattinger and Morris was made in fraud of his right to compensation.

The jury was asked to find, first, if Morris was an independent contractor; and, second, if the contract between Wattinger and,

Morris was eexcuted in fraud of appellant's right to compensation. The jury answered the first issue in the affirmative, and the second in the negative, and upon these answers the court rendered judgment for appellee.

[1] In connection with the first issue submitted the court, over appellant's objection, instructed the jury as follows:

"The burden is upon the defendant, W. A. Chancellor, to show by preponderance of the evidence that the said J. R. Morris was not an independent contractor."

[2, 3] This charge was erroneous, and the burden of proof on the issue should have been placed upon appellee, who voluntarily made and relied upon the defense that Morris was an independent contractor, and by so doing assumed the burden to prove it. Boswell v. Pannell, 107 Tex. 438, 180 S. W. 593. The plea that Morris was an independent contractor is an affirmative defense, and the universal rule is that the party asserting an issue must prove it. Cameron Compress Co. v. Kubecka (Tex. Civ. App.) 283 S. W. 286 (writ of error refused). A reason for the rule, which is applicable here, is that the party asserting an issue usually has control of the evidence to prove it. While the burden of proof in this character of case is by statute placed upon the "party claiming compensation," he is only required to prove his employment, directly or indirectly, or by expressed or implied contract, by the insured, and that he is entitled to compensation. Associated Employers' Reciprocal v. Griffith (Tex. Civ. App.) 264 S. W. 346; Millers' Indemnity Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 334; article 8307, § 5, R. S. 1925.

[4] Appellant assumed and met this statutory burden by alleging and proving, first, that he was impliedly employed by Wattinger, and, second, that while he was immediately employed by Morris, who had some character of contract with Wattinger, the nature of which he did not know, still Morris and all his employees were under orders and control of Wattinger in doing the actual work on the building, and having thus made out his prima facie case rested. Appellee then proceeded not only to prove that appellant had no implied contract of employment with Wattinger, and that Morris and his employees were not under orders and control of Wattinger in the work of actual construction, as alleged and proved by appellant, but also proceeded to prove that Morris was an independent contractor by offering in evidence the contract between Wattinger and Morris as well as the contract between Wattinger and the owner, which latter contained the plans and specifications under which Wattinger was to construct the building for the owner. So, in view of the pleadings, the evidence, and the record, it was clearly erroneous for the trial court to place the burden of proof

2 S.W.(2d)—32

on the first issue submitted upon appellant. Millers' Indemnity Underwriters v. Boudreaux (Tex. Civ. App.) 245 S. W. 1025 (affirmed by Commission of Appeals, 261 S. W. 137).

[5] Omitting immaterial portions, the Wattinger-Morris contract reads:

"This contract is entered into this the 24th day of December, A. D. 1925, by and between H. E. Wattinger and J. R. Morris, in which the said J. R. Morris agrees 'and binds himself to construct a one-story cottage known as the Physicians' and Surgeons' Home, for the State Feeble-Minded Institute, at Austin, Tex., for the said H. E. Wattinger, who now has a contract to put up this building for the state of Texas, on the following conditions:

"That the said J. R. Morris agrees to furnish all labor and material in accordance with said plans and specifications as prepared by Hugo Keuhne, exclusive of the following items enumerated below, which are to be furnished by the said H. E. Wattinger, viz.: * * *

"For the performance of all labor and material, except such items mentioned above by the said J. R. Morris, necessary to complete the said house, the said H. E. Wattinger agrees to pay to the said J. R. Morris the sum of $2,600, in accordance with the terms that the said H. E. Wattinger has with the state of Texas, the usual amount to be retained and paid on completion of said contract according to plans and specifications, and when evidenced by the fact that the said J. R. Morris has satisfied all parties furnishing labor and material on said building."

Concerning the contract, the court charged the jury as follows:

"To aid you in answering this question, the jury are instructed that, under the terms of the written contract between H. E. Wattinger and J. R. Morris, of date the 4th day of January, 1926, introduced in evidence in this case, the said J. R. Morris contracted as an independent contractor, and unless you find from a preponderance of the evidence that in entering into said contract it was understood and agreed by said parties that the said J. R. Morris was not to be independent and free from the control of the said H. E. Wattinger to do the work said Morris contracted to do, in his own way, without directions, orders, let, or hindrance from the said H. E. Wattinger, other than to see that the work was done according to the plans and specifications, the said Morris being responsible to said Wattinger only for the result, then you are instructed that the said Morris was an independent contractor, and your answer to question No. 1 should be, 'Yes.' "

[6] Appellant objected to the charge on the grounds that the contract "was not unambiguous" so as to authorize the court to determine its provisions as a matter of law; that the contract nowhere contained any of the matters set out in the court's instruction; that the charge invaded the province of the jury; and that the matters set out were not pleaded. The contract, under the facts and circumstances alleged and proved by appellant, did not make Morris an independent

contractor as a matter of law; and if it did, the question was one of law for the court, and since the case was submitted upon a special issue charge, no necessity existed for the jury to be told of the court's conclusions of law thereon, and the charge under the circumstances was probably highly prejudicial. It is true that in some jurisdictions contracts to furnish labor and material to construct a building for a stipulated sum are conclusively regarded as independent contracts; but as applied to workmen compensation cases the rule obtains in Texas only, "unless there are other circumstances present clearly indicating a contrary conclusion." Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 525.

[7] Article 8309, R. S. 1925, defines who are "employer" and "employee" under our Workmen's Compensation Law. Our courts have universally held that the tests fixing the relationship of master and servant are not broad enough to cover and fix the relationship of employer and employee, in view of the provisions of the above statute, but that, as a rule, the relationship depends upon the particular facts of each case, and have also settled the rule that whether one is an independent contractor largely depends upon the facts and circumstances of each case, and especially is this the rule in workmen compensation cases. Since all these questions, as well as definitions of the terms "employer," "employee," and "independent contractor," have been thoroughly and well considered in the following cases cited by appellant, we deem it unnecessary to further discuss the charge in this respect. Suffice it to say here that the giving of the charge was error, because appellant alleged and proved facts and circumstances, which will be later discussed, "clearly indicating a contrary conclusion" to the trial court's conclusion that the contract made Morris an independent contractor as a matter of law. King v. Galloway (Tex. Com. App.) 284 S. W. 942; Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768; Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399; Dublin v. Taylor, B. & H. Ry. Co., 92 Tex. 535, 50 S. W. 120; Maryland Casualty Co. v. Kent (Tex. Civ. App.) 271 S. W. 929; McKinney v. Sherwin-Williams Co. of Texas (Tex. Civ. App.) 271 S. W. 133; Trachtenberg v. Castillo (Tex. Civ. App.) 257 S. W. 657; Williams v. Globe Refining Co. (Tex. Civ. App.) 229 S. W. 959; Texas Employers' Ins. Ass'n v. Owen (Tex. Civ. App.) 291 S. W. 940; U. S. F. & G. Co. v. Lowry (Tex. Civ. App.) 231 S. W. 818; Shannon v. Indemnity Co. (Tex. Com. App.) 257 S. W. 522.

[8] There was neither pleading nor evidence to support the portion of the charge which instructed the jury to find, before they answered issue 1 in the negative, that at the time the contract was executed it was understood and agreed that Morris was not to be "independent and free" from control of Wattinger, or that he was not to do the work "in his own way, without directions, orders, let, or hindrance" of Wattinger, and responsible to him "only for the result," and therefore this instruction should not have been given. The contract was silent as to these matters, and the evidence is undisputed that no such agreement or understanding was had at the time the contract was executed, and there was no pleading that such an agreement was made. Appellant simply alleged three affirmative grounds for a recovery: First, that he was employed by Wattinger at the time of his injury; second, that if Wattinger sublet the work to Morris, he retained control of it, and that Morris and all his employees were under orders and control of Wattinger in actual work of construction of the building; and, third, that the contract was made in fraud of his right of compensation. Appellant assumed the burden of proof on these issues and shows the following, which is not materially disputed: Wattinger was under contract with the state board of control to construct three buildings in connection with the State Feeble-Minded Colony at Austin. By the contract, supra, he sublet the construction of one of the buildings to Morris. Morris employed appellant and one Wilson, both carpenters of long experience, to aid him, and they commenced to construct the building; but on the same day Wattinger came and told Morris that because he (Morris) was an open shop man, his (Wattinger's) employees on the two other buildings, who were all union labor men, were refusing to work, and were about to strike; that the "walking delegate" for the local union was coming to see about the matter; and that the matter presented a serious situation about which something had to be done; and according to appellant's evidence, Wattinger stopped the work. Appellant also testified that Wattinger suggested, and it was agreed to by Morris, that Morris was to leave the work and not return; that Wilson who was already a union man, and appellant, who again became a member of the union at that time and at Wattinger's suggestion, would continue the work, and that they did commence work on the following day under this arrangement, and under orders, direction, and control of Wattinger. The effect of Wattinger's testimony was that, while the above transactions, in substance, transpired, it was merely to meet the labor situation, and that Morris in fact remained subcontractor, and did the work through Wilson and appellant, independent of his control. Morris admits that he left the job and did not go about it during working hours, but that he went after working hours to check up and see if the work was being done according to the plans and specifications; that Wattinger called his atten-

tion to work not in compliance with the plans and specifications; and that he then ordered Wilson, whom he testified he left in charge of the work, to make the corrections. Appellant's evidence showed the contrary, and that Wattinger gave all orders and directions of the work; that he told him where to get material, nails, etc., for the building; that he ordered the work hurried along, and authorized Wilson to employ other help, agreeing to advance the money with which to pay this extra help, and was on the work every day generally supervising and directing the actual work and the manner in which it was to be done. Wattinger's version of the matter was that he merely told Morris' employees to do certain minor things about which they inquired of him. Morris says he told Wattinger, the general contractor, to make such orders for him, the subcontractor, as were necessary in his absence. Morris told the lumber company who guaranteed his contract to Wattinger, and who furnished the material for the building, that on account of labor trouble he had turned his contract over to Wilson, but that he would remain personally responsible to it for material. Appellant was injured the tenth or eleventh working day after commencement of the contract. Thereafter he asked Wattinger to show him on his pay roll, which he refused to do. The testimony is undisputed that Morris never did any more work personally, except about four hours' work, after the building had been completed by Wilson and other employees in finishing or correcting minor details. After the building had been completed Morris gave the lumber company, who had also advanced to Wilson money with which to pay all labor, an order for the entire amount of the contract, but Morris never received any part of this amount. In reference to liability insurance, Wattinger contracted with the owner as follows:

"The contractor shall maintain such insurance as will protect him from claims under Workmen's Compensation Acts and from any other claims for damages for personal injury, including death, which may arise from operations under this contract, whether such operations be by himself or by any subcontractor or any one directly or indirectly employed by either of them. Certificates of insurance shall be filed with the owner, if he so requires, and shall be subject to his approval for adequacy of protection."

[9] Wattinger testified that he did not know or attempt to ascertain if Morris insured his men under the Workmen's Compensation Laws. Morris did not insure them. These are facts the jury might consider along with the other facts detailed in determining the three grounds of recovery pleaded by appellant. Wattinger either breached the above provision of his contract, or he considered Morris and all his employees under the final

arrangement by which the house was completed as his own employees and covered by the policy in suit issued by appellee, and appellee's contention in this connection that the evidence established that Morris was an independent contractor as a matter of law, and that any error in the charge was therefore harmless, is clearly under the evidence above detailed without merit.

[10-12] Since the case is submitted on special issues, appellant is entitled to have submitted for an ultimate finding of the jury each ground relied upon for a recovery, and upon which issues he has the burden of proof; and appellee is entitled to an issue presenting its special defense as to whether Morris was an independent contractor, and upon which issue it has the burden of proof; and issues, where necessary, should be accompanied by such necessary definitions and explanations as provided under the special issue statute to aid the jury in arriving at its answer, but no general instruction or charge such as the one herein complained of should be given, since the case is submitted on special issues.

From what has been said, we reverse and remand the cause for another trial.